<div style="margin-right:2em; text-align:right; font-variant:small-caps;">UTICA,<br>August, 1829.<br><br>Depuy<br>v.<br>Swart.</div>

---

## DEPUY *vs.* SWART.

This was an action of assumpsit, tried at the Ulster circuit, in April, 1828, before the Hon. JAMES EMOTT, one of the circuit judges.

An action cannot be maintained against the maker of a promissory note payable to *bearer*, by a person to whom the same has been transferred, where the maker has obtained a discharge from all his debts as an insolvent debtor, previous to the transfer; although after the discharge, but before the transfer, the maker makes a *new promise* to the *payee* to pay the debt, and such new promise is set up by way of replication to the plea of discharge,

An insolvent's discharge under the act exonerating a debtor from the payment of his debts, *discharges the debt* for which a note is given; the note becomes *functus officio*, loses its negotiable qualities, and a person to whom it is transferred after such discharge, acquires no right to maintain an action upon it.

A promise to pay a debt discharged under such insolvent law is a *new contract*. A suit on such contract can be brought only in the name of the person with whom the contract is made; and a note, the evidence of the original debt, has no connection with such suit, other than as furnishing a consideration for the new promise.

In declaring in an action brought after such new contract, the plaintiff may set forth the original cause of action, and in his replication aver the new promise.

UTICA,
August, 1829.

Depuy
v.
Swart.

The declaration was by the plaintiff as *bearer* of a promissory note made by the defendant, payable to Abraham Robison or bearer, for the sum of $313,50, dated August 8, 1823. The defendant pleaded a discharge obtained by him as an insolvent debtor on the 12th February, 1824, under the act granting relief in cases of insolvency, discharging him from all debts due from him at the time of his assignment, or contracted for before that time, though payable afterwards. A stipulation was entered into between the parties, that the cause should be tried as if a replication of a new promise had been interposed and an issue joined thereon reserving to each party the right of availing himself of the law arising upon the whole case, and agreeing that the defendant might raise the question whether, if judgment passed against him, his body ought not to be exempted from imprisonment.

On the trial of the cause, the making of the note was admitted, and the discharge produced. The payee of the note (after being released by the plaintiff) proved the transfer of the same about a year before the trial, and testified that shortly after the defendant obtained his discharge, and repeatedly since, while he (the witness) was the holder of the note, and previous to the transfer to the plaintiff, the defendant promised to pay the debt. This evidence was objected to by the defendant, but received by the judge, who directed the jury to find a verdict for the plaintiff. The defendant asked that the verdict might be special, so that a judgment might be entered exempting his body from execution ; which application was denied by the judge, and a general verdict was found for the plaintiff to the amount of the note. This cause come on to be heard on a case containing the above facts and the stipulation above refered to.

*Romeyn*, for defendant. The discharge of the defendant dissolved the original contract and extinguished the pre-existing debt ; and in this respect, the plea of an insolvent discharge differs from that of infancy and the statute of limitations. In 14 Johns. R. 178, and 15 id. 519, these defences were considered analagous, although there was no direct adjudication upon the point. The cases of infancy and the stat-

ute of limitations are placed upon the same ground, and said to be a suspension of the remedy only ; but there is a distinction as to the plea of discharge of an insolvent debtor. In *Sturges* v. *Crowningshield,* (4 Wheaton's R. 122,) it is said the discharge impairs the obligation of the contract, while the statute of limitations relates only to the remedy. This decision is recognized by this court as the law of the land, in 16 Johns. R. 252, 17 id. 108, and 19 id. 153. Chancellor Kent also recognized the distinction. He said, " The discharge under this act *releases* the debt, while the other (the statute of limitations) only raises a presumption of payment." (7 Johns. Ch. R. 297.) And in 17 Johns. R. 46, Ch. J. Spencer, speaking of the effect of a discharge, says, " The debtor is *absolved* by the discharge." Under this view of the subject, it is supposed that the case of *Baker* v. *Wheaton,* (5 Mass. R. 509,) is a decisive authority. Parsons, Ch. J. says, in reference to the insolvent laws of Rhode-Island, which are the same in effect with the insolvent act of this state, " By the operation of those laws, the contract no longer exists, and a subsequent endorsement of the note is void. A note *functus officio* cannot be negotiated ; " and he likens it to the case of an absolute payment.

If such be the operation of a discharge, a *new promise* to pay the debt does not restore the original negotiable properties of the note ; because such new promise is a *new contract,* giving a new cause of action, and is not negotiable. It may be assigned, but can be recovered only as an ordinary chose in action, in the name of the assignor. (1 Chitty's Pl. 43. Bac. Abr. App. vol. 6, p. 187, tit. Bankrupt. 8 Taunt. 563.) Being a new promise, it must be clearly and unequivocally made, (2 Starkie's R. 296 ;) if conditional, the condition must be complied with. (7 Johns. R. 36.) It is, in no respect, a continuation of the former indebtedness, but a new contract springing out of, and having the original indebtedness for its consideration. (1 Peters' R. 351.) Had the promise been made to the plaintiff, he could have recovered only by declaring specially. (6 Cowen, 157.) Nor is the plaintiff's case strenghthened by the principle, that in a case of this kind, a party may declare on the original cause of action, because

UTICA,
August, 1829.

Depuy
v.
Swart.

it affects not the question in whose name the suit shall be. As to this mode of declaring, although it seems to be settled, it does not appear to be fully acquiesced in. Mr. Wheaton, (Wheat. Selw. 44,) observe, " In cases of this kind, many eminent pleaders not only declare for the original cause of action, but they also insert a count on the subsequent promise."

*C. Ruggles,* for plaintiff. The principle of the English cases on this subject, recognized by this court in the case of *Shippey* v. *Henderson,* (14 Johns. R. 178,) is, that the new promise is a waiver of the defendant's discharge, and re-instates the parties in the situation in which they stood previous to the discharge. By the discharge, the note in this case was, to a degree, *functus officio ;* but the party certainly had a right to revive it. He might have given a new note, and the promise here, founded upon the moral obligation, is equivalent to a new note. A holder of a note may avail himself of a promise to another to pay, although, without such promise, the action could not be maintained. (13 East, 417.)

*By the Court,* MARCY, J. It is to be regretted a stipulation was substituted for a part of the pleadings in this case. It is somewhat uncertain what would have been the issue. The plaintiff declares on a promissory note transferred to him by the payee. The defendant interposes a discharge under the insolvent law of 1813. Here the pleadings stop, and a stipulation is entered into to try the cause on the fact of a new promise with leave to each party to avail himself of the law arising on the whole case. We are thus left to conjecture what the replication would have been. If it had stated a promise to pay, made to the plaintiff subsequent to the discharge, he must have failed on the trial, because it is not pretended that such a promise was ever in fact made. An averment of a promise to the present holder of the note, would not have been sustained by proof of a promise to a former holder. It appears to me there would have been some difficulty in pleading a promise made to the witness Robinson subsequent to the discharge, so as to have it enure to the benefit of the plaintiff and be the basis of his action.

It is insisted ont he part of the plaintiff, that a promise to pay, made to the holder of the note, not only revives the debt, but restores the note with all its negotiable properties. The language of the cases which speak of the effect of an insolvent or bankrupt's discharge upon his existing debts is not very precise or uniform. In some cases, the effect has been considered the same as that of the statute of limitations on debts to which it applies. In other, and in most of the cases, the statute has been considered as affecting the remedy only, while a discharge has been adjudged to reach the cause of action. Without stopping to inquire whether this distinction rests upon a clear difference in the two cases, I shall endeavour to ascertain what is the true effect of a discharge upon the debts due by the insolvent. The act for giving relief in cases of insolvency, (1 R. L. 460,) declares, that upon the petitioner's complying with its provisions, the officer executing it shall *discharge* him from all debts, &c. The language of the act, in its fair signification, extends beyond the mere proceedings for enforcing the right, to the right itself ; and such, in most cases has been its construction. In the case of *Sturges v. Crowningshield*, and in several others before the supreme court of the United States, it has been considered that insolvent discharges reach to the contract itself, and impair its obligation ; and that in that respect, the laws authorizing these discharges differ from the statute of limitations and enactments concerning usury, which only relate to the remedy. The bare acknowledgement of a debt, barred by the statute of limitations, is held *to* revive it ; but an acknowledgement of a debt from which the defendant has been discharged, be it ever so explicit, gives no cause of action. In the latter case, nothing but a precise and positive new promise will be sufficient to sustain a suit : it was so held in *Lynbury v. Wrightman*, (5 Esp. R. 198.) In a note to this case, it is said bankrupts and infants, with respect to debts from which they are discharged, stand on different ground from persons whose debts are barred by the statute of limitations, as that statute does not discharge the debt, but only takes away the remedy by action. Even the acknowl-

UTICA,
August, 1829.

Depuy
v.
Swart.

edgment or promise, which does away the effect of the statute of limitations, is not deemed a continuation of the original promise, but is a new contract. This, Judge Story thinks is settled both upon principle and authority, (1 Peters, 371 ;) *a fortiori*, is the promise to pay a debt discharged under an insolvent law a new contract. In the case of *Roberts* v. *Morgan*, (2 Esp. R. 736,) Eyre, Ch. J. says, a debt barred by a certificate under a commission of bankruptcy, by a new promise to pay it, becomes a *new debt*. Lord Mansfield also says, where there has been a new promise after the discharge, the bankrupt is liable as on a *new contract*. (Douglass, 192.) The moral obligation uniting to the new promise makes what he calls, in the case of *Truman* v. *Fenton*, (Cowp. 544,) "*a new undertaking and agreement.*" What conclusively shews that the new promise creates a new contract is, that if the promise be special or conditional, the plaintiff has his remedy upon it pursuant to the condition or the special circumstances of the engagement. (2 H. Black. 116.) These authorities clearly shew that the new promise is the contract upon which the action against the defendant must rest. The old debt has no further connection with the suit than what arises from the circumstance that it is resorted to for the purpose of furnishing a consideration for the promise, by reason of its moral obligation, after its legal obligation is destroyed by the discharge. The liability, therefore, of the defendant, is on the new contract ; and upon principle, the suit should be in the name of him with whom such contract is made.

The discharge of the defendant discharged the debt for which the note was given; and the transfer of it, if there had been no new promise, would have been void. The position is supported by an express decision in the case of *Baker* v. *Wheaton*, (5 Mass. R. 509.) In such a case, the note is *functus officio*, and can have no negotiable qualities, because it has no legal existence. It is regarded by the court in that case, in the same light, as a note discharged by payment. What is the effect of the new promise upon the note ? If it does not, and it is clearly settled that it does not, renew the old contract, how does it operate to renovate the note given

on that contract? The note has a valid existence from its execution; and after this existence is destroyed, as it is, according to the case from Massachusetts, and the debt for which it is given discharged according to all the cases, can it be revived and restored to all its former properties by the maker's entering into a new contract, by which he becomes liable to pay what was due on the old contract? Correct reasoning would not establish such a result, and nothing but the mode of pleading which has been sanctioned in such cases has given any sort of countenance to the notion.

It is well established, that the plaintiff may declare on the original cause of action. The inconsistency of making the new promise the basis of the action, and at the same time allowing the plaintiff to declare upon the antecedent debt, which has been discharged or the remedy upon it barred, has been often presented to the courts of England and this country; and although it has been sanctioned, it has been looked upon as a deviation from the general rule requiring a plaintiff to state in his declaration the agreement or whole cause of action whereon his suit is brought. In all the cases however that I have found, the original debt was due to the same person to whom the new promise was made; and the mode of pleading sanctioned by the courts in such cases is entremely well fitted to present the issue upon the new contract. The replication setting up this contract has not been considered a departure, because it is not entirely a new matter; it derives that which is necessary to support its consideration from the old debt. The issue is, in fact, upon the new contract, and the note given on the old contract is only brought into view as furnishing the consideration which the plaintiff must shew for the new promise. The note, in my opinion has no valid existence for any other purpose; and the plaintiff did not acquire from the transfer of it to him any right to maintain this action. According to the stipulation between the parties, judgment is given for the defendant.

<div align="right">Judgment for defendant.</div>