Wait
v.
Morris.

## WAIT vs. MORRIS.

*If the promise to pay a debt barred by an insolvent discharge be conditional, it must be alleged as a conditional and not as an absolute promise in the replication, or the plaintiff cannot recover.*

THIS was an action of assumpsit, tried at the Saratoga circuit, in November, 1829, before the Hon. ESEK COWEN, one of the circuit judges.

The declaration was on a promissory note for $101$\frac{50}{100}$, dated the 30th December, 1819, payable 9 months after date. The defendant pleaded, 1. *actio non accrevit infra*, &c. ; and, 2. a *discharge* under the insolvent act, exonerating him from all his debts, &c. obtained the 20th August, 1823. The plaintiff replied 1. *actio accrevit*, &c. ; and 2. that on the 1st May, 1829, the defendant assented to, ratified and confirmed the promises, &c. The defendant rejoined, denying that he did assent to, ratify or confirm the promises, &c. A witness for the plaintiff proved, that in 1825 or 1826, he presented the note to the defendant for payment, who said that he would pay it when he was able. The witness gave not a very distinct account of the expressions used by the defendant, representing him as saying, " that he calculated to pay the note, with all his family concerns, and would pay it as soon as he was able ; that he calculated to pay it, and all his other debts, as soon as he got able ; that he always calculated to pay the note, and all his family debts, as soon as he was able ; and always putting this debt and his other debts on the same footing". The ability of the defendant to pay was fully shewn. The defendant moved for a nonsuit for the variance between the proof and the replication, insisting that to entitle the plaintiff to recover, he should have set out a *conditional promise* in his replication. The judge reserved the question, and charged the jury that no particular form of words was necessary to constitute a promise ; that if they believed that the defendant intended to give the witness to understand that he would pay the note when able, and was of sufficient ability to do so at the commencement of the suit, they would

find for the plaintiff. The jury found for the plaintiff, and the defendant moved for a new trial.

*E. & G. Curtis*, for defendant.

*Doe & Kimball*, for plaintiff.

*By the Court,* SAVAGE, Ch. J. It is settled that the mode of declaring adopted in this case is right. 14 *Johns. R.* 180. Though the new promise is that which sustains the action, still the plaintiff is at liberty to declare upon the original contract. The discharge is technically a release from the demand, yet it is only so technically; the debt is still due in conscience. *Cowp. R.* 548. The fact is confessed that the plaintiff has never received satisfaction, or consented to release the defendant; but still the discharge is a valid defence. The rules of pleading tolerate a replication of a new promise to such a plea, without considering it as a departure, though such a replication to a plea of payment or release would be bad. When we speak of contracts from which the defendant is discharged by the insolvent laws as *functus officio*, they must be understood to be so only *sub modo*, because they may still be *declared on* as valid contracts.

The only question then is whether the plaintiff, in his replication, should have pleaded the conditional promise as proved upon the trial. A conditional promise is said to be sufficient to take a case out of the *statute of limitations.* The reason is, that, as the statute raises a presumption of payment, that presumption is repelled equally by a conditional, as an absolute promise, for either admits the debt to be due. The case of a *discharge* is different in some respects. In the case of a debt barred by the statute, the legal demand exists continually, and may be enforced as soon as the presumption is repelled. In the case of a debt barred by a discharge, the demand is extinguished in law, though it still exists in equity and good conscience; and as Lord Mansfield said, in *Truman* v. *Fenton,* "there is no honest man who does not discharge them, if he afterwards has it in his power to do so. Though all legal remedy may be gone, the

debts are clearly not extinguished in conscience." But the legal demand being extinct, it cannot be enforced, unless revived or renewed by a new promise. It is not sufficient to admit that the debt is unpaid; but there must be a *promise*, for which the old debt is a sufficient consideration. In the case of the statute, the original demand always remained in existence; in the case of the discharge, the original demand was legally extinguished. In the first case, the promise merely rebuts the presumption of payment, and waives the statute bar; in the latter, it forms the contract itself, and the plaintiff may declare on the original contract; still the replication is the real declaration, as that must contain the contract which is to be enforced. This must be conceded to be an anomaly in pleading, but it is settled on authority. It is not settled, however, that in such a case the plaintiff may declare or reply an absolute promise, and prove a conditional one. When a conditional contract forms the basis of the suit, the plaintiff should declare upon it, or, at least, set it forth in his replication. In the case of *Penn* v. *Bennett*, 4 *Campb*. 205, the plaintiff declared for goods sold and delivered; the defendant pleaded his bankruptcy; the plaintiff replied a subsequent promise to pay the debt. It was uncertain upon the evidence whether the promise was absolute or conditional. Lord Ellenborough decided, and instructed the jury, that if the promise was conditional, the action could not be maintained; that the plaintiff should have declared upon it, and have proved that the condition was fulfilled; but if the promise was absolute, then the plaintiff was entitled to recover, upon the present state of the pleadings. The least, certainly, which can be required of the plaintiff, is to state the real contract in his replication; that was not done in this case. There was, therefore, a variance between the pleadings and the proof. A new trial should be granted, and the plaintiff permitted to amend his replication, upon payment of costs.