. READ *vs.* HURD.

Where one indebted to another was directed to pay the amount owing by him to a creditor of the person to whom the money was due, without a specification of the account to which it should be applied, and the money was received and endorsed on a note in part payment of the same, which *endorsement* was subsequently relied on to take the note out of the operation of the statute of limitations, *it was held*, that the evidence was not sufficient, as a *question of law*, to prove an acknowledgment by the maker within six years, and the court below having expressed an opinion that it was sufficient, and not having submitted it as a *question of fact* to the jury, the judgment was reversed, and a *venire de novo* awarded.

A judgment will not be reversed because a plaintiff has remitted the costs found by the jury, and still taxed costs of increase, where it manifestly appears that the remission of the costs was by mistake; nor will it be reversed, although by the record it appears that the jury have passed upon but one of two issues, if, from the bill of exceptions, it appears that the jury did in fact pass upon both issues.

ERROR from the Duchess common pleas. Hurd commenced a suit against Read in June, 1829, on a promissory note for $137,82, dated 2d February, 1819, payable on demand. The defendant pleaded *non assumpsit* and *actio non accrevit infra*, &c.; the plaintiff replied, that the cause of action accrued within 6 years before the exhibition of the bill, &c. On the trial the making of the note was proved; on it appeared an endorsement of $32,50, under date of 1st October, 1824. The plaintiff offered to prove that the endorsement was made by a witness, at his request, on the day of its date, as evidence of an acknowledgment by Read, within six years before suit brought of his liability to pay the note; which evidence was objected to by the defendant, but the objection was overruled, and one Hollister, a witness for the plaintiff, testified that on the day

of the date of the endorsement, one Skiff paid $30 to the plaintiff, and that at the request of the plaintiff, he, the witness, made the endorsement of $32,50 on the note : that the plaintiff stated at the time that the sum endorsed was the price of a steer sold by Read to Skiff, in 1822, and that Read had agreed at the time of the sale of the steer, that such sum should be paid to him, the plaintiff, and endorsed on the note ; that Skiff stated that he knew nothing of such agreement, but that Read said the amount was to be paid to Hurd, but on what account he did not know, and that the steer was sold to him about 18 or 24 months before the date of the endorsement. The defendant was not present at the time of the endorsement, nor did it appear that he subsequently assented to it, or had any knowledge of it. The defendant insisted that the evidence was insufficient to prove an acknowledgment of his liability to pay the note, and that he was entitled to a verdict. The plaintiff insisted that the evidence was sufficient to prove the acknowledgment by Read, of a liability to pay. The court delivered their opinion to the jury, (in the usual form of a bill of exceptions, the particular language used on the occasion not being stated,) " that the said several matters so produced and given in evidence were sufficient to prove an acknowledgment by the said Morris Read of his liability to pay said note." The defendant excepted to the opinion, and the jury found a verdict for the plaintiff, for $244-11 damages. In making up the record, the finding of the jury only upon the issue of *non-assumpsit* was stated, the verdict for $244,11 damages and $\frac{6}{100}$ costs was set forth, a *remittitur* of $44,17, " parcel of the damages, costs and charges aforesaid," was entered, (the *damages* in the declaration being laid at only $200,) and judgment was taken for $200, " residue of the damages, costs and charges aforesaid," and for $50,62, costs of increase. The defendant sued out a writ of error.

*R. Wilkinson*, for plaintiff in error. There is error on the face of the record ; the most material *issue* does not appear to have been passed upon by the jury, and by remitting the *costs* found by the jury, the plaintiff deprived himself of the right to costs *de incremento*. The court erred in the opinion delivered,

that the evidence was sufficient to shew an acknowledgment by the defendant, and in not submitting the question of the sufficiency of the evidence to the jury. 17 Johns. R. 182.

*H. Swift,* for defendant in error. The endorsement was made when it was *against the interest* of the plaintiff to make it, and therefore proper evidence of payment. 17 Johns. R. 182. An *actual payment* was proved. Proof of the declarations of Hurd at the time of the endorsement was elicited upon the cross-examination of the plaintiff's witness, and therefore was admissible evidence; so too the declarations of Skiff were proved without objection. The court were warranted in the opinion expressed. As to the objections appearing on the face of the record: from the bill of exceptions it is apparent that both issues were passed upon by the jury; in this respect therefore, and also as to the other objections of form, the court below were authorized to grant amendments, which will be considered by this court as made. 2 R. S. 601, § 60.

*By the Court,* SUTHERLAND, J. The effect of the payment by Skiff, of course, depends upon his authority to make it for the defendant; a payment made by a stranger for a defendant, without any authority or instruction from him, cannot prejudice his rights. If the evidence had simply been that the endorsement was made on the day it bears date, when the effect of it was clearly against the plaintiff's interest, it would have been competent and *prima facie* evidence of a payment on that day by the defendant. *Roseboon* v. *Billington,* 17 Johns. R. 184. 2 Campb. 321. But here the plaintiff's own proof goes further; it shows affirmatively that the endorsement was made in consequence of money paid, not by the defendant, but by one Skiff. Perhaps if the evidence had stopped here, the legal presumption might have been, that Skiff was the agent of the defendant in making the payment, as it is not usual for one man to pay another's debt without, at least, a request. But the witness Hollister, stated, without its being objected to by either party, what Skiff said at the time of the payment and the endorsement, in relation to his authority.

It appears from what then took place, that about two years before that time, that is, in October, 1822, the defendant, Read, had sold Skiff a steer, for $32,50, and directed him to pay the amount to the plaintiff Hurd, but did not say on what account it was to be paid. The plaintiff Hurd at the same time said, Read had agreed it should be paid and endorsed upon the note ; but Read never mentioned the note to Skiff, but directed him in general terms, to pay the money to Hurd. It does not appear whether the price of the steer was to have been paid immediately by Skiff, or whether the sale was upon credit. If no credit was given, it may admit of very serious question whether, as between the plaintiff and the defendant, the payment must not be considered, (so far as the question of the statute of limitations is concerned,) as made, when, by the terms of the agreement between Skiff and Read, it ought to have been made. If not, then it was in the power of Skiff, at any period, no matter how remote, to have revived this note, by a payment to the plaintiff. There is no evidence that the defendant was actually privy to, or had any knowledge of the payment or the endorsement. Considered as a question of law, it is by no means clear that the evidence was sufficient to prove an acknowledgment by the defendant within six years.

But it was a proper question, under all the circumstances of the case, for the jury, 17 Johns. R. 187, and it should have been fairly left to them. Admitting that the question was not absolutely taken from the jury by the court, still, their opinion, considered as an opinion upon the weight of evidence, was much stronger than it ought to have been, and was calculated to make an erroneous impression upon the minds of the jurors. The charge, therefore, was erroneous, and the judgment must be reversed on that ground.

The errors on the face of the record are *formal defects*, which we are authorized by the statute to consider as supplied and amended. 2 R. S. 601, § 60. They would certainly have been amendable by the court below. The errors are these: The plaintiff's damages, as laid in the declaration, were $200 ; the damages given by the jury were $244,11, over and above his costs, and for those costs *six cents*. The plaintiff, as he

<div style="margin-left:auto">

UTICA,
July, 1831.

New-York
and Sharon
Canal Co.
v.
Fulton Bank.

</div>

had a right to do, entered a *remittitur* upon the record, of the excess, but he also included in his remittitur the *costs* given by the jury, as well as the excess of damages, and he remitted $44,17, parcel of the damages, *costs* and charges, &c.; and those costs having been remitted, there was no authority for awarding costs of increase. It was obviously a mistake, and ought to be disregarded. The record also takes no notice of the issue upon the statute of limitations; the jury simply find that the defendant did undertake, and promise, &c. That this omission may be amended, is shown by the case of *Stokes* v. *Campbell*, 7 Cowen, 425, and the bill of exceptions which is attached to the record, shewing that the jury did in fact dispose of that issue, and in what manner they disposed of it, it may be considered as amended, without any application or motion upon the subject. 2 Payne & Duer, 273.

Judgment reversed on first ground, and *venire de novo* awarded to Dutchess common pleas, costs to abide the event.