FITZGERALD *vs.* ALEXANDER & MULLEN.

Where a defendant after having obtained an insolvent's discharge on receiving
a letter from the plaintiffs said, " It is an honest debt, I will pay it.  I will
pay part if not the whole before you leave," and there was no evidence of
any other debt due to the plaintiffs than that declared upon, which consisted
of two notes given by the defendant to the plaintiffs before his discharge,
and the defendant did not produce the letter, IT WAS HELD that the evidence
was prima facie sufficient to support the replication of a new promise.

Where, however, there was a discrepancy in the testimony of the witness
as to the new promise: as where on his first coming upon the stand he
testified that the defendant said, in speaking of the debt, " I will pay it,
or part of it," and afterwards, as in the preceding paragraph, IT WAS HELD
that the evidence ought to have been submitted to the jury, and that it
was erroneous to charge them that the evidence was sufficient to entitle the
plaintiffs to a recover.

Where it is stated in a bill of exceptions that the judge declared the evidence
sufficient to entitle the plaintiff to recover, and with that direction left the
cause to the jury, it will be deemed a positive direction to find for the plain-
tiff; and when there are circumstances in the case which ought to have
been submitted to the jury, a new trial will be awarded.

In case of a new promise after an insolvent discharge, the plaintiff may de-
clare on the original promise, and insist on the new promise by way of
replication.

ERROR from the superior court of the city of New York.
Alexander and Mullen declared on two promissory notes
given to them by the defendant, one dated in August and
the other in September, 1830, each payable in four months,
amounting together to near $1000.  The defendant pleaded
an insolvent discharge from all debts owing by him, obtained
in April, 1831, to which the plaintiffs replied a *new
promise*, and the defendant took issue.  After proving the
making of the notes, the plaintiffs called a witness who
testified that in February, 1833, he presented to the defendant
at New Orleans, a letter written by the plaintiffs, who
resided at New York, and that the defendant after reading it
said, " This is an honest debt ; if it is the last money I have
in the world *I will pay it*, or *part of it*, adding, " I will call
and pay part of it, if not the whole."  At a subsequent day
the defendant observed that he had not called and inquired
when the witness would leave for New York.  On another

NEW-YORK,
May, 1838.

Fitzgerald
v.
Alexander.

day he said, he had no money at that time, but would have about the time that witness would leave : in this last conversation he spoke of the plaintiffs, their house, and that it was to them the money was to go. On his cross-examination the witness stated that after reading the letter the defendant observed that it was an honest debt and he intended to pay it; he was sorry times were so dull, and observed that he had understood that the plaintiffs had lost money. In answer to an inquiry by the judge, he answered that when the defendant had read the letter he said, " It is an honest debt; if it is the last money I have, I will pay it. I will pay part, if not the whole before you leave." The plaintiffs having rested, the defendant's counsel moved for a *nonsuit* on the ground that the evidence was not sufficient to entitle the plaintiffs to a verdict. The judge denied the motion declaring the evidence sufficient, and with that direction, as expressed in the bill of exceptions, "left the cause to the jury," who found a verdict for the plaintiffs. The defendant having tendered a bill of exceptions, which was sealed, sued out a writ of error.

*J. L. Wendell*, for plaintiff in error.

*S. Stevens*, for defendants in error.

*By the Court*, Cowen, J. That it is sufficient to declare on the original promise, and insist on the new one by way of replication, was spoken of by Marcy, J. in *Depuy* v. *Swart*, 3 Wendell, 141, as well established. No authority has been cited to the contrary. *Wait* v. *Morris*, 6 Wendell, 394, is in point; and so is 14 Johns. R. 178, 180.

These notes fell due in 1830, and 1831. In the spring of the latter year, the defendant obtained his discharge, and soon after went to New-Orleans. Short of two years after, on being called on by the witness (Mullen) with a letter from the plaintiffs, he read it and said it was an honest debt; and if it were the last money he had in the world he would pay it, or *part of it*, as the witness first had it. On explanation, he put the expression without any alter-

native. " I will pay it. I will pay part, if not the whole before you leave." That was a promise, if the defendant intended it of these notes. On another occasion the defendant mentioned the plaintiffs as the persons to whom he owed the money which he at first promised to pay. No other debt appears to have existed between the parties, and the letter is kept back by the defendant. It was evidently in reply to a demand made in the letter that the defendant spoke. I am inclined to think that the testimony was *prima facie* sufficient as to the identity of the debt to which the promise referred. The old debt, however, should not only be referred to by the new promise, but that promise should be absolute and unqualified. *Stafford* v. *Bryan*, 3 Wendell, 532. *Mucklow* v. *St. George*, 4 Taunt. 613. Marcy, J. in *Depuy* v. *Swart*, 3 Wendell, 139. *Lynbuy* v. *Weightman*, 5 Esp. Rep. 198. *Fleming* v. *Hayne*, 1 Stark. Rep. 370.

The language of the defendant to the witness, Mullen, did not precisely and in terms refer to the debt, nor did he, according to Mullen's first version, make an express promise except as to part only ; but afterwards, on being recalled, Mullen explained, giving such language as seems to have imported a promise to pay the whole debt. After such a discrepancy, I think the defendant had a right to insist on the case going to the jury. Wilkinson on Lim. 152. *Fleming* v. *Hayne*, 1 Stark. R. 370. And if the court positively charged the jury that the matters proved were sufficient, the judgment should be reversed. *Read* v. *Hurd*, 7 Wendell, 408. If we are to consider the words of the bill in saying that the court held the evidence was sufficient, and with that direction left the cause to the jury, as meaning *the charge* to the jury in such strong language, then the case last cited applies. In that case, it is stated that the court delivered an opinion to the jury that the evidence was sufficient. The expression here is in different words. A motion was made to nonsuit, because the evidence was not sufficient. The court denied the motion, declaring the evidence sufficient, and *with that direction*, says the bill, left the cause to the jury. In fairness of con

struction, I can not understand this as meaning any thing less than a positive direction to the jury, without leaving it open for them to say whether the witness' first or last version of the defendant's promise were the right one. It struck me at first, that to raise this point the bill should show that the judge was requested to leave the question open, and content himself with observing upon it. But that form was not required in *Read* v. *Hurd.* See Bull. N. P. 319, for the form of a bill of exceptions. I fear there may have been a proper charge, and that its apparently positive character may have arisen from a slip in drawing the bill; but without being hypercritical, it is impossible to distinguish this from the case cited.

Judgment reversed; a new venire to go from the court below, the costs to abide the event.