HEMAN L. WHITE *versus* JONATHAN A. CUSHING.

The non-joinder of a co-promisor can be taken advantage of only by plea in abatement.

A discharge in bankruptcy, operates not to *suspend* but to *annul* the validity of a note, due from the bankrupt.

The indorsement of such a note, after such discharge, is of no effect. It cannot enable the indorsee to recover against the bankrupt; and a new promise by the bankrupt to the payee, after the discharge and after the indorsement, cannot aid the indorsee.

ASSUMPSIT upon a note, of the following tenor.

" Borrowed and received one hundred and seventy-five dollars of T. A. White & Co., payable to their order, on Wednesday the 27th instant. " J. A. Cushing & Co.

" Bangor, July 20, 1841."

On the back of the note was indorsed.

" Bangor, August 23, 1843. Received bill of goods rendered to T. A. White, $3,00.

" Without recourse to us. T. A. White & Co."

The writ was dated May 3, 1848, and the statute of limitations and bankruptcy of defendant were pleaded.

On the trial, before WELLS, J. it appeared that the defendant filed his petition in bankruptcy, December 1, 1842 ; he was declared a bankrupt, February 21, 1843, and obtained his discharge, May 18, 1847.

On the part of plaintiff, it appeared from the testimony of *Thomas A. White*, that he was one of the payees of said note, and indorsed the same to the plaintiff, in March, 1848 ; that in August, 1843, the defendant made a payment to him upon the note of $3,00, and for some time after the indorsement, the defendant made frequent promises to pay the note ; and, at one time, he said he would pay it in a week or ten days.

The case was taken from the jury, and it was agreed by the counsel, that the Court might enter such judgment as these facts would warrant.

*Peters*, for the plaintiff.

The statute of limitations cannot avail the defendant, because it is clearly and unequivocally proved that defendant made a partial payment on the note.

Nor will the plea of bankruptcy avail the defendant. The partial payment on the note, after the decree of bankruptcy, was in itself a new promise, or sufficient evidence *of* a new promise, to avoid this plea. 1 Douglass, 192 ; 2 Rawles, 351 ; 3 Fairf. 472 ; 2 Fairf. 88.

The promise made to White & Co. is sufficient in the hands of their assignee. This promise must give the same effect to the note, as if the bankruptcy had not been set up. That the note, under these circumstances, is the same in the hands of the assignee, as if with the assignor, has been decided in *Dean* v. *Hewett*, 5 Wend. 257 ; 2 Fairf. 152.

*Kelley & McCrillis*, for defendant.

HOWARD, J. — The plaintiff is indorsee of a negotiable promissory note, signed by "J. A. Cushing & Co." In the writ and declaration no notice is taken of the company, or of any signer but the defendant. The statute of limitations, and a discharge in bankruptcy of the defendant, were pleaded. A new promise to pay the debt was made by the defendant to the payee, after the decree of bankruptcy, and before the note was indorsed, and before the commencement of this suit.

The defendant having pleaded in bar, cannot take advantage of the non-joinder of a co-promisor. If he had intended to rely upon that fact, it should have been pleaded in abatement. 1 Chit. Pl. 29 ; 1 Saunders, 284, note; *Ziele* v. *Executors of Campbell*, 2 Johns. Ca. 382; *Winslow* v. *Merrill & al.* 2 Fairf. 127; R. S. c. 146, § 22.

It is contended that the new promise, relied upon by the plaintiff, was not proved ; or if proved, that it would not enable the plaintiff to maintain this action as indorsee of the note.

The new promise appears to have been established by competent and sufficient proof, but whether it is available to the plaintiff is the more important question.

The note was proveable in bankruptcy, and the certificate and discharge, under the United States bankrupt act of Aug. 19, 1841, § 4, fully and completely absolved the defendant from the contract and the debt. The discharge did not operate merely as a suspension of the remedy, like the statute of limitations, but it extended to the contract itself, affected its vitality, and impaired its obligation. It ceased to exist as a valid contract against the defendant ; it became *functus officio* and could not be assigned. *Trueman* v. *Fenton,* Cowp. 544 ; *Besford* v. *Saunders,* 2 H. Black. 116 ; *Baker* v. *Wheaton,* 5 Mass. 509 ; *Depuy* v. *Swart,* 3 Wend. 135 ; *Moore* v. *Viele,* 4 Wend. 240 ; *Dean* v. *Hewitt,* 5 Wend. 257 ; *Walbridge* v. *Harroon,* 18 Vermont, (3 Washb.) 448.

The new promise, to the payee, was a new contract, to be interpreted and enforced upon its own terms, and did not revive the original contract expressed by the note, and was not

negotiable. *Depuy* v. *Swart*, and *Walbridge* v. *Harroon*, before cited. Upon this promise, therefore, the plaintiff cannot maintain his action, and according to the agreement, must be nonsuited.