### Oliver H. Clark *v.* Samuel Atkinson.

The provision of the Code, requiring a plaintiff to set forth in the complaint the facts constituting his cause of action, has not changed the old rule allowing him to sue upon a promissory note in the ordinary form, although the defence is a discharge in bankruptcy or the statute of limitations.   The new promise, relied on to sustain the action, when necessary, may be averred in the reply. (a)

Where the defence is a discharge in bankruptcy, a new promise is only available when made to the holder of the note; and both the note and right of action, as renewed by the new promise, must be assigned, to enable any other person to sue.

*It seems,* where the defence is the statute of limitations, a new promise to pay, or an admission of indebtedness, is sufficient, although not made to the holder of the note.

*It seems,* that the endorsement and delivery of the note, after its maturity, is sufficient evidence of such an assignment as would enable a party to whom it is so endorsed and delivered, to recover upon the note and the new promise.

Where the party, to whom the new promise to pay the note is made, assigns it, he is an assignor within the meaning of § 399 of the Code; and in case he becomes a witness, the defendant may also be a witness to the same matter contained in his testimony.

Whether the endorser of a note, who has transferred it before its maturity, is an assignor of a thing in action, within the meaning of § 399 of the Code; *quere?*

This cause was tried by the court, without a jury, at a special term, held by his honor, Judge Ingraham, who rendered judgment for the plaintiff.   The case came up to the general term on a bill of exceptions.

---

(a) See *Esselstyn* v. *Weeks, post*, p. 116; *S. C.* 1 Kernan, 635.

*John Cochrane*, for the defendant, made and argued the following points:

I. The note was killed by the discharge in bankruptcy; it was no longer negotiable, and could but support a new promise to the payee. The transfer of the note to the plaintiff, after the discharge of the defendant, passed nothing, and the reply of a new promise to the payee before the transfer of the note to the plaintiff, does not help the plaintiff. (*Moore* v. *Viele*, 4 Wend. 420; *Depuy* v. *Swart*, 3 Id. 135.)

II. The judge erred in refusing to allow the defendant to be sworn as a witness in relation to the matter testified to by the witness, Bremner. (Sec. 399, Amended Code.)

III. The judgment should have been for the defendant, instead of for the plaintiff.

*Wm. H. Taggard* and *John M. Pinkney*, for the plaintiff, made and argued the following points:

I. The action was properly brought upon the note, and the new promise set up in the replication. (*Sheppey* v. *Henderson*, 14 Johns. 178; *Waite* v. *Morris*, 6 Wend. 394; *Fitzgerald* v. *Alexander*, 19 Wend. 402; 3 Wend. 141.)

II. The promise, as proved, was sufficient to maintain the action. (*Allen* v. *Webster*, 15 Wend. 284; *Stafford* v. *Richardson*, Id. 302.) It was express, absolute and unqualified.

III. The new promise was not without consideration. The note declared on furnished the consideration for the new promise. (*Stafford* v. *Bacon*, 28 Wend. 384; cases cited under first point above.)

IV. It was unnecessary that the new promise should be made to the plaintiff. An endorsee may avail himself of such promise made to a payee. (*Pinkerton* v. *Bailey*, 8 Wend. 600; *Dean* v. *Hewitt*, 5 Wend. 257; *Soulden* v. *Rensselaer*, 9 Wend. 297.)

V. The note in suit was *assigned* to the plaintiff, and in such case, before the Code, it could be recovered under a

new promise as a chose in action, in the name of the assignor. (*Fitzgerald* v. *Alexander*, 19 Wend. 402; *Depuy* v. *Swart*, 3 Wend. 137; *United States* v. *White*, 2 Hill, 62; *Casthon* v. *Huyck*, 6 Barb. S. C. Rep. 583.) But under sec. 3 of the Code, the action must be brought in the name of the assignee.

VI. The defendant could not be examined as a witness. Sec. 399 of the Code does not apply to cases upon promissory notes and parties thereto.

By THE COURT. INGRAHAM, FIRST J.—This action is brought to recover the amount of a promissory note, dated in 1839, and payable 90 days after date. The note was made by the defendant, payable to Sammis & Bremner, and by them endorsed to the plaintiff.

The complaint is upon the note merely. The answer does not admit the endorsement, and sets up as new matter a discharge obtained by the defendant in bankruptcy on the 21st August, 1853, and the statute of limitations. To this the plaintiff replied, want of knowledge or information as to the discharge, and that on the 7th October, 1847, the defendant ratified and renewed the promises set forth in the complaint, and also a new promise within six years.

Upon the trial of the cause, the plaintiff called one of the endorsers as a witness, and proved by him the execution of the note; and that in October, 1847, the defendant said the note would be paid, but he had not the money then. The defendant proved the discharge in bankruptcy in May, 1842.

The defendant then moved for a dismissal of the complaint, upon the grounds—1. That the promise to pay was without consideration and void, not being made to the plaintiff; 2. That the endorsement of the note did not transfer the promise made by the defendant to Bremner; and 3. That the complaint should have been on the new promise and not on the note.

The first point raised by the defendant is, that the action should be brought upon the new promise and not on the note. Under the old practice, it was always proper to de-

Clark *v.* Atkinson.

·clare upon the note, and to a plea of discharge or the statute of limitations to reply a new promise. (14 J. R. 178; 3 Wend. 141; 6 Wend. 394; 19 Wend. 402.) Nor can I see any reason for any change in the rule of pleadings now under the Code. It is true, the Code requires a statement of the plaintiff's cause of action, but the cause of action, as held in the cases cited, is the note, and not the new promise. It is conceded that this rule is peculiar to promises of this kind, but it has been long settled to be correct, and has been repeatedly sanctioned by the courts.

Before the Code, however, such a promise could only be made available to the person who held the note at the time of making it. (3 Wend. 141; 4 Wend. 420.) The cases relied upon by the plaintiff, to the contrary, were different from the present. In this case, the bar relied upon by the defendant is a discharge under the bankrupt act, and in the other class of cases cited by the defendant's counsel, (5 Wend. 257; 8 Id. 600; 9 Id. 297,) the defendant relied upon the statute of limitations. In the latter case, a mere admission of indebtedness was sufficient evidence of the original debt remaining in force, notwithstanding the running of the statute; in the former, the defendant was discharged by the bankrupt proceedings; but the claim against him was renewed by a new promise to pay it. Under the Code, however, this difficulty, so far as the right of the plaintiff to sustain the action, is removed by the provision which requires all actions to be brought in the name of the real party in interest. The endorsees and payees of the note, after the promise to them was made, could, by assignment, transfer the note, and promise with it, to the plaintiff, who could maintain the action thereon in his own name, although the promise had been made to the payees.

The remaining question, then, is whether the defendant was properly excluded as a witness. After the examination of the payee, as a witness on the part of the plaintiff, the defendant was offered as a witness to the same matter, under section 397 of the Code. I am of opinion that he was erroneously excluded.

Without deciding whether an endorsee of a note, before it becomes due, is to be considered as an assignee of the note, within the meaning of the term as used in that section, I am satisfied that he is such in the present case. If the law be that the right to sue upon a note renewed by a promise after a discharge is only with the party to whom the promise is made, and does not pass by delivery of the note thereafter, so as to authorize the holder to sue upon it, then such right can only be transferred by assignment. It may be that the endorsement and delivery of the note is sufficient evidence of such assignment; but if so, it is clearly an assignment of a thing in action, different from what passes by the ordinary endorsement of a note before maturity. It is a transfer of the original indebtedness, as well as the new promise to pay such indebtedness. It makes the payee who transfers, an assignor, and the defendant was a competent witness in answer to the same matters which the assignor had given evidence of.

I am satisfied that upon the trial I erred in excluding the defendant, and that a new trial should be ordered.

New trial ordered, costs to abide the event.