Ellsworth, J.
This is an action on a note of hand, tried to the jury on the general issue, with notice of payment and accord and satisfaction. After the defendant had himself sworn to the facts necessary to establish his defense, the plaintiff called a single witness for the purpose of impeaching his character for truth and veracity. The witness testified that he was acquainted with his character in this respect and that it was bad ; whereupon the plaintiff claimed that the defendant was fully and absolutely impeached, and that his testimony must be thrown out of the case ; not merely that his testimony was impaired and less deserving of credit, but as I understand the motion, fully impeached and destroyed.
Now the judge met this claim, in his charge to the jury, in such a way as to give reason for serious apprehension that they may not have understood what was their duty under the circumstances. The question was, was the defendant fully impeached by the witness on the other side ? . The judge, instead of calling the attention of the jury to attending circumstances in this conflict of individual credit, such as the testimony itself, the demeanor, appearance and intelligence of the witness, or any particular fact which he stated or omitted to state in his narration, important to be considered in weighing his testimony, seems to us to have adopted a view unnecessarily narrow and technical, by declaring to them, briefly, that, if certain hypothetical facts were found by them, they had a right to [ *540 J consider the ^defendant as impeached, and his testimony worthless. By their having a right to do this, we understand the judge to have meant, (there being nothing to qualify the expression,) that it would be proper enough, or entirely justifiable, for the jury to yield to the claim of the plain *441 tiff. And what are the hypothetical facts suggested by the judge as affecting the question ? One is, whether the impeaching witness has “the means of knowledge”: but a man may have this and yet possibly not have full knowledge, and at best he would be only swearing as to what in his opinion is the opinion of others. Another is, whether the impeaching witness “ swears positively” ; but this circumstance may or may not add to his credibility. Again, whether he is “ uncontradicted, and is believed by the jury,” that is, if he is honest and what he savs is not denied by any other witness.1 If all these things concur, then the jury were to consider the impeachment, though by one witness only, as fully sustained. * It is the form of the charge, quite as much as its substance, that we object to. It is not the usual course, nor is it a safe one, to state in this manner particular facts as sufficient in themselves, if found by the jury, to impeach and overthrow evidence. Here one witness only was offered to sustain the impeachment, a thing of rare occurrence, and calculated of itself to produce a doubt in the minds of the jury as to the truth of the matter sworn to, and therefore it was eminently proper that the court should have commented to the jury upon the facts and circumstances affecting the credibility of the testimony thus called in question.
We say it is not sufficient, as a matter of course, for the entire rejection by the jury of the testimony of an impeached witness, (and we understand the charge as implying that it is,) if a single witness testifies that he has means of knowing what the public say with regard to his truthfulness, and swears positively and sincerely to his bad character in this respect. In Coit v. Tracy, 8 Conn., 275, this court held that the admission by a former partner of the existence of an old partnership debt, within six years before the suit was brought, was not of course a bar to the statute of limitations. *So a parliceps criminis is a good witness, but no [ *541 ] court would suffer his testimony to go to the jury without appropriate comments and caution. Such a course has been pronounced to be a dereliction of duty in the judge ; and yet it may be true that, on the strength of such testimony, without comment, the jury would have a “ right ” to find a verdict.
The language of the elementary writers on this point is very strong: Greenleaf, after stating that an accomplice may be a witness, says in his treatise on Evidence, vol. 1, § 880 ; “ But, on the other hand, judges in their discretion will advise a jury not to convict of felony upon the testimony of an accomplice alone, and without corroboration ; and it is now so generally the *442 practice to give them such . advice, that its omission would he regarded .as an omission of duty on the part- of the judge, and such is now the settled course of practice.” In The State v. Wolcott, 21 Conn., 282, Ch. J. Church says : “ Courts frequently do, and ought to, advise caution in resposing confidence in the naked testimony of an accomplice.” See Roscoe’s Crim. Ev., 141 et seq.; 2 Stark. Ev., 12; Rex v. Barnard, 1 Car. & P. 87; Rex v. Hargrave, 5 Car. & P., 170; and in this country,, Commonwealth v. Bosworth, 22 Pick., 397, and Fitzgerald v. Alexandria, 19 Wend,, 404. In the last case the court says; “ And if the court positively charge the jury that the matters proved were sufficient to enable the plaintiff to recover, and with that direction leave the case to the jury, it will be deemed a positive direction to find for the plaintiff, and the judgment should be reversed. (Read v. Hurd, 7 Wend., 408.) If we are to consider the words of the bill in saying that the court held the evidence sufficient, and with that direction left the cause to the jury, as meaning the .charge to the jury in such strong language, then the case last cited applies. . In that case it is stated that the court delivered.an.opinion to the jury that the evidence was sufficient. In .fairness of'construction-I can not understand that as meaning any thing less than a positive direction to the jury, without leaving it open for them to say,” &c.
This subject is discussed with much ability in 3 .[ *542 ) *Graham & Waterman on New Trials, beginning at page 724. • The cases are all referred to there, and the result of them is, if we mistake not, that the judge may in his charge express his opinion to the jury upon the evidence or any portion of it, if he.feels that .the case .calls for it; yet he must let them distinctly understand that it is but his opinion on the facts, which they are to judge of and decide for themselves, and may not leave an impression on their minds, that he means to .decide as matter of law upon the weight and sufficiency of the evidence, except where a fact, in evidence, admitted to. be true or .otherwise, is, in law, decisive of the case, and will .justify a non-,suit or a verdict for the plaintiff... 'This rule was not.as. carefully in the charge before us as it might have been, .and as we think it should have been, and we therefore, advise the granting of a new trial. . • ''
In this opinion, .Storks, O. J.j.and Hinman, J.,-concurred: Sanford, J., dissented.
Sanford, J.
The only, question presented- by this motion is, whether the jury have a right to find an attempted impeach* *443 ment sustained, upon the uncontradicted testimony of a single witness. And with reference to this question, I think the jury was rightly instructed by the judge, and consequently I can not concur with the court in advising a new trial of the cause.
A witness whose general reputation for truth is bad, is impeached when the fact of such .bad reputation is established by legal, pertinent and adequate evidence. An attempted impeachment therefore is sustained, and the jury have a right to find it so, when legal, pertinent, and adequate evidence has been introduced' to prove such reputation. The reputation or general character of an individual is a fact, for the proof of which no statute, principle of the common law, or rule of practice, requires the production of more than one witness. One witness, who “ has the means of knowledge, *swears [ *548 ] positively, and is uncontradicted,” is enough to prove any crime but murder, perjury and treason, to prove a contract, a trespass, or tort ’ of any kind, the state of the weather, the state of public sentiment in regard to other subjects, and almost every other controverted fact. And why is not one witness enough to prove the reputation of an individual for truth ? Suppose that every intelligent member of an entire community, should with one voice testify in court that the reputation of a witness for truth, was bad ; and then one credible member of the same community, having heard all that testimony, should in another trial testify that the reputation of the same witness was bad, should disclose his means of knowledge, swear positively, and be altogether uncontradicted ; would not the jury have a right, if they believe his testimony true, to find the attempted impeachment of the witness sustained ?
The question was not whether the testimony given by the defendant was true or false, but what was his own reputation for veracity; a fact about which he said nothing, and offered no evidence.
What ought to be the effect of, such .impeachment is another question, in regard to which this motion does not inform ús whether the judge said any thing or not. He only told the jury that the fact inquired about might be proved by the testimony of a single witness, leaving it entirely to the jury to decide upon the credibility of the testimony, and to give to it its due in.fiuence upon their verdict.. It is not stated in the motion, and I think it can not fairly be presumed, that the defendant’s testimony on the one side, and that of the impeaching witness on the other, wrere all the evidence introduced upon the trial. And hence it is impossible for this court to ascertain whether the jury ’found the impeachment sustained or not, or to appreciate the *444 effect of such impeachment, if sustained and found upon the verdict. And although I think it would have been proper for the judge, while he informed the jury that they had a legal right, upon, the testimony of a single witness, to find the defendant’s reputation bad, and consequently that the impeach- [ *544 ] ment *was sustained, to have told them also, that notwithstanding such impeachment, as the defendant was a competent witness, his testimony was still before them, and it was their duty to give to it such weight as, in view of the impeachment, and all the other evidence in the case, they should think it entitled to. But he was not requested to make to the jury any such suggestion. Whether he did or not this record does not inform us.
Looking at this motion, it seems to me quite clear that the only question to which the attention of the .judge was solicited, was whether the jury had a legal right to find that the general reputation of the defendant for truth was bad, when only one witness had been produced to prove.it so. And in regard to that question, the charge to the jury was, in my judgment, entirely unexceptionable.
¡New trial advised.