By the Court.—Monell, Ch. J.
The question in this case is, whether the statute began to run from the time the notes were transferred, or from the time of their payment. The referee has found the later period, regarding the payment of the notes as a payment by the defendant, so as to imply a new promise at that time.
It does not seem to me to be of any importance, so far as it affects the implied new promise, whether the plaintiffs received the notes in or as payment of the antecedent indebtedness, or merely as security for its payment. The transfer of a security by the debtor to be applied upon his debt, would imply a new promise, as well as an actual payment on account. But the implication would arise at the same time ; that is, by the act of transfer or payment. "
In this case, the last act of the defendant was the transfer of the securities, more than six years before suit brought; and the implication which is raised of a new promise is, not by the delivery, but by the subsequent payment of the notes by the makers.
It is not claimed that the defendant directed, or was even privy to the payment. But the payment was by third persons, of their own obligation ; the payment of which to the plaintiffs, as the lawful holders, the law required. This, in the view of the referee, was a payment by the defendant.
To make a part payment evidence of a promise to pay the balance, it must occur under such circura *497 stances as are consistent with an intent to pay such balance (Miller v. Talcott, 46 Barb. 167). Actual payment by a debtor, or by his authorized agent, is consistent with such an intent. It is such a recognition of the debt as will authorize the assumption of an intention to pay the balance.
But when the payment is not by the debtor, but by a third person, his authority, derived from the debtor, to bind bis principal to a new promise by implication from the fact of payment, must distinctly appear, and can not be inferred from the payment alone (Read v. Hurd, 7 Wend. 408).
To make the payment of the notes a payment by the defendant, it must be assumed that the makers were acting under the authority, or by the direction of the defendant. There was no such express authority or direction in this case; and it can be implied only from the obligation of the makers to pay a debt which the defendant had parted with by transfer to the plaintiffs, and which at the time of its payment belonged absolutely to his creditor.
An implication of an authority to the makers of the notes to make the payment on behalf of the defendant, must have arisen, if at all, at the time of the transfer.
The transfer might be construed into a direction to the makers to pay the amount to become due upon the notes to the plaintiff. But such direction could not of itself continue until the maturity of the note, so as to make the payment such an act of the defendant as would authorize, at that time, a new promise to pay. In Creuse v. Defignoiux (10 Bosw. 122), the court say: “An agent can not bind his principal by an implied promise made within six years, where the authority to make it was more than six years before. The statute would commence running from the time the authority was given, not from the time the agent made the new promise.”
*498 In Pickett v. Leonard (34 N. Y. 175), the assignee of a debtor under a general assignment for the benefit of the debtor’s creditors, made a payment out of the assigned property to the creditor. Within six years thereafter, the debtor was sued for the balance of the debt. It was held that such payment did not take the case out of the statute. By virtue of the assignment the creditor became entitled to receive, and the assignee was bound to pay. But there the obligation ceased. The assignee was not the agent of the assignor for any purpose other than to pay his debts, and could not, either expressly or impliedly, make for him a new promise. Justice Hurt says: “ The assignor places his property in the hands of the assignee for the purpose of paying his debts, who, from the proceeds, pays a creditor a part of his debt; and this is interpreted into saying, ‘My assignor is willing to pay the residue of your debt, and on his behalf I promise you that he will do so.’ The assignor might well answer, ‘ I have given no such authority and made no such contract.’ ”
It seems to me the cases are not distinguishable. The transfer of property in trust to pay debts generally, is the same as the transfer to pay a single debt, and the effect of the payment must, therefore, be the same. But no more in the one than in the other, is the person making the payment the agent of the debtor, so that he can bind him by a promise. Nor is the authority to make the payment less in one case than in the other.
How, then, can the payment of the note be construed into a promise to pay the remainder of the debt ?
In Read v. Hurd (supra) one Skiff being indebted to Hurd, the maker of a note, made a payment of the amount of his debt to the plaintiff, to be applied upon the note, and it was endorsed thereon. Hurd was not present, nor did he request the payment. It was held *499 that it was not a payment by the defendant, and that no new promise could be implied from it.
There was some difference in the facts in the case of Harper v. Fairly (53 N, Y. 442), which the respondent’s counsel claimed distinguished it from the case now before us. In that case the creditor retained the transferred note for a number of years, receiving the interest, but the principal was not paid until several years after the transfer. This fact is alluded to in the opinion more, I think, to give emphasis to the principle decided, than as constituting any essential element in it. The court had charged the jury that the payments made by the maker of the note had the same effect to take the case out of the statute, as if made by the defendant. In holding that to be error, the character and not the time of payment, was made the essence ; and the court say that the reason that it is so is, that a part payment is an acknowledgment by the debtor of his liability for the whole demand. But to bring a case within the reason of the rule, the part payment must have been made by the party to be charged with the effect of it, or an agent authorized thus to charge him. After citing Pickett r. Leonard (supra) and other cases in support of the rule, the court continues to say, “The payment in the present case was not made by the debtor, nor with his knowledge, but by one whose obligation had been transferred several years previously to the creditor as security for the debt.” Then alluding to the payment long after the maturity of the note, they proceed, “ There could consequently be no implied authority to make the payment at the time it was made.” These latter words, as I have already said, emphasize the rule and forcibly illustrate its propriety, but do not confine the principle to a payment made long after the maturity of the transferred security. There can be no difference. It is the payment, and not the time of the payment, *500 from which the new promise is to be implied. Laches or delay can not change the rule. If the payment is authorized, it must be authorized when it is made, and the time is not essential.
The new promise must recognize and apply to the old debt, and the transaction must be such, that it can be fairly inferred from it that the defendant intended to pa.y the residue.
In the language of Harper v. Fairly (sup.) “it is impossible to spell out of the transanction any new promise of the debtor, cotemporaneous with the part payment, to pay the residue of the debt.”
An implied promise, like an express promise, must not only be an admission of the existence of the debt, but also a recognition of a liability to pay it; and no other or greater effect can be given to a part payment, than that from it a new promise containing all the elements above stated may be implied.
There is no doubt that when the defendant transferred the notes to the plaintiff, that act could have been construed into a new promise. It admitted the existence of the debt, and was a recognition of the defendant’s liability to pay it. And from that time the statute would have began to run. And that is so whether the notes were taken in actual part payment, or as security for the part payment of the debt (Turney v. Dodwell, 24 Eng. L. & Eg. 92).
Notes and bills, when received from a creditor upon antecedent indebtedness, are never a payment, unless expressly made so ; but the effect upon the statute is the same. Hence in the case just cited, it was held that the word “ payment” must be taken in its popular sense, and to exclude the species of payment in question. In this view the court say the acknowledgment of liability as to the remainder of the debt is not altered by the fact of the notes not being paid. That the acknowledgment is from the delivery of the notes, *501 and that such delivery is a sufficient acknowledgment.
Suppose the notes transferred had not been paid* would the plaintiff have conceded that the transfer was not a payment % I think not. Then if the delivery of the notes was, to save the statute, the payment, how can it be claimed that there was another payment at a subsequent day, which would also save the statute 1
The effect of the transfer of the notes as raising by implication a new promise, was complete when the transfer was made, and could not be extended to the subsequent act of the makers of the notes, when the defendant was not present, and which act was not with his authority nor by his direction. Hence, the case fails to show a new promise by the defendant at any time after the delivery of the notes, or by any one having authority to make a new promise for him, and* therefore, the statute began to run from such delivery, and not from the time when the notes were actually paid.
For these reasons I think the referee erred in hie conclusion of law.
The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.
Sedgwick, J.
I think the judgment should be reversed. The only fact that supports the judgment as against the statute of limitations is that the makers of the promissory notes given to plaintiff by defendants as security for the defendants’ indebtedness, paid the notes within six years. Then to make this evidence of the new promise by the defendant, Judge Rapallo. said, in Harper v. Fairley (53 N. Y. 445), “the part payment must have been made by the party to be charged with the effect of it, or an agent authorized thus to charge him.''’ He also said that the reasoning: *502 of the cases determined “that a part payment, whether made before or after the debt is barred by the statute, ■does not revive the contract, unless made by the debtor himself or by some one having authority to make a new promise on his behalf for the residue.” Under this case the dispute is settled, in my mind, by inquiring if the makers of the note were the agents of the defendants, either to make the payment of the notes or to give a promise on behalf of the defendants to pay the remainder of the debt. They were not agents to make the promise, unless their relation to the notes given as •security made them agents of the defendants to pay the note. There is no evidence that the makers of the note ever had any dealings or communication with the defendants, except by giving the notes for a valuable consideration in a transaction altogether disconnected with the present case. Then, when they paid, did they act for the defendant in making the payment? Perhaps it is well to say that they were not makers for the -accommodation of the defendant, and so that between them the makers were sureties while the defendant was principal. But they were on the notes, which they paid acting on principal obligations of their own, arising not from any authority given or agency made by the defendant, but from their contract with the defendant which the defendant had assigned to the plaintiff. At the time of the payment the defendant could not have forbidden or stayed it, or modified it or given any particular direction to it. Indeed, if we look nicely into the matter, the makers never made any payment, so far as they were concerned, on the original indebtedness. They only paid their own notes, and the money paid was afterwards or cotemporaneously applied, by the plaintiff’s firm, on the principal indebtedness, by virtue of the arrangement made between the ■defendant and them, at the time of the transfer of the note by the defendant.
*503 Nor was this application of the money by defendant’s authority given beyond the six years, a payment by defendant of a kind to take the case out of the statute. It could only do so by giving to the transfer, in which alone the defendant took actual part, the effect of a promise to pay the remainder of the debt, in case of payment of the notes. There is no reason, it seems to me, why such a promise is not barred by the statute of limitations, as much as the original assumpsit of the defendent.
I think the judgment should be reversed, with costs to appellant to abide event.