# WILLIAM M. TEBO, APPELLANT, *v.* WILLIAM ROBINSON, RESPONDENT.

*Evidence — burden of proof — statute of limitations.*

This action was brought upon a promise made by the defendant in 1872, to pay to the plaintiff a sum then due to the latter, as soon as the defendant was able. The complaint alleged that the defendant had became able to pay such sum, but did not allege when he had first acquired such ability. The defendant denied none of the facts set forth in the complaint, but pleaded the statute of limitations. *Held,* that the statute began to run in favor of the defendant as soon as he became able to make the payment, and that it rested upon the plaintiff to show that such ability had been first acquired within the six years immediately preceding the bringing of the action.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

*J. T. Mareau*, for the appellant.

*Mirabeau L. Towns*, for the respondent.

DYKMAN, J.:

The defendant being indebted to the plaintiff in the sum of $1,000, wrote him a letter on the 19th day of October, 1872, in which he inserted a promise to pay him when he was able so to do. This action is on the new promise and there is an allegation that the defendant became able to pay the money before the commencement of this action, but no time is specified when he had such ability. The answer makes no denial of the facts set up, but simply interposes the six years' statute of limitations as a defense. The plaintiff was nonsuited on the trial, and has appealed from the judgment.

The action is on the contract to pay when able, and the original indebtedness was a good consideration for the new promise, and the action is properly brought thereon. ( *Wait* v. *Morris*, 6 Wend., 396.) Yet the promise was conditional, and the cause of action accrued with the defendant's ability to pay. The two were coincident, and the statute of limitations commenced to run from the same time. This was not an absolute promise to pay, and to make it effective it was necessary to show the ability of the defendant to pay. ( *Cocks* v. *Weeks*, 7 Hill, 46.)

As the conditional promise of the defendant was the basis of the action, it was incumbent on the plaintiff to show that the condition was fulfilled. If the defendant became able to pay more than six years before the commencement of this action, then the claim is barred and the nonsuit is proper.

It is thus seen how this case differs from ordinary actions on conditional contracts. Generally, it is the interest of the defendant to disprove the fulfillment of the condition, because his liability is dependent on that event. Here, however, it is the aim and interest of the defendant to prove the early arrival of the stipulated event, because that sets in motion the statute which he invokes for his protection. Hence his admission of the allegation of his ability in the complaint, and his own testimony in his own behalf that he was able to pay the money before the year 1875. The action was commenced in November, 1881, and the bank account of the defendant tended to show that he was able to pay in the year 1874.

As the pleading fell, the burden of proof was on the plaintiff to show that the defendant became able to pay within six years before the commencement of the action, not for the purpose of establishing a cause of action, for that was admitted, but to show that his cause of action accrued within six years, and so avoid the statute of limitations. This he failed to do. All the testimony offered by him was his own in which he said the defendant told him in October, 1875, that he had seen no time since he borrowed the money that he could pay it. This was more than six years before the action was begun, and did not avoid the statute. The ability of the defendant may have come to him soon after and it rested on the plaintiff to show that it came within six years. The trial judge gave the affirmative to the defendant, but the plaintiff made no objection or exception, and it seems to have made no difference in the result as both parties introduced testimony on the point involved.

The testimony was insufficient to sustain a verdict for the plaintiff, had one been obtained, and therefore a nonsuit was proper.

The judgment should be affirmed, with costs,

BARNARD, P. J., and CULLEN, J., concurred.

Judgment affirmed, with costs.