MOORE *vs.* VIELE.

An action cannot be maintained by the assignee of a note payable to bearer directly on the note, where the negotiability of such note has been destroyed by an insolvent discharge granted to the maker.

Nor can such assignee avail himself of a new promise subsequent to that discharge, unless it be made to him personally, to his agent, or to a third person to pay the assignee.

Where, at the time of the transfer of such note, it was agreed between the payee and the assignee that the payee should be a witness to prove the new promise, and the transfer was made expressly upon such understanding, although *it seems* that such agreement did not render the payee an *incompetent* witness, still it was *held* that the jury ought to have been instructed that it went far to impeach his *credibility.*

ERROR from the Saratoga common pleas. Viele sued Moore in 1826, before a Justice of the peace, and declared on a promissory note made by the defendant, bearing date in November, 1815, for the sum of $25, payable on the 1st day of June then next, to David Blood, junior, or bearer. The defendant pleaded the general issue, the statute of limitations, and an insolvent discharge, discharging him from all his debts, granted in May, 1817. The plaintiff replied a new promise since the discharge, and within six years of the time of the commencement of the suit. The cause was tried by a jury, and a verdict found for the plaintiff, on which judgment was rendered. The defendant appealed to the Saratoga common pleas, and on the trial of the cause in that court, Blood, the payee of the note, was offered as a witness to prove the *new promise.* The defendant objected to his competency ; whereupon the plaintiff executed to him a release, and the court permitted him to be sworn. He testified that both before and subsequent to the transfer of the note to the plaintiff, and after the attaching of the statute of limitations, and also after the obtaining of the insolvent discharge by the defendant, the defendant promised to pay the money for which the note was given. This evidence was received by the court, although objected to by the defendant as inadmissible under the pleadings in the cause. On the cross-examination of the witness, it appear-

ed that the consideration of the transfer of the note to the plaintiff was, a promise of the plaintiff to give his note to the witness (the *payee* of the note in question) for $40, the first time the witness should be at the house of the plaintiff; that such note had not been given at the commencement of the suit, although previous thereto, and since the transfer of the note, the witness had been at the house of the plaintiff, and had seen him at different places several times ; and that at the time of the transfer of the note, it was the understanding between the witness and the plaintiff, in case of a suit upon the note, that the witness could and would swear to a new promise, and the note was transferred upon such understanding. The court decided that the new promise restored to the note its negotiable qualities, and that the plaintiff, under the pleadings in the cause, was entitled to sustain the action; and they charged the jury that the agreement or understanding between the plaintiff and the witness that the witness should, in case of a suit upon the note, prove the new promise, ought not to affect or impair the evidence of the witness. To which decisions and charge the defendant excepted. The jury found for the plaintiff, on which finding judgment was accordingly entered.

*J. L. Viele*, for plaintiff in error.

*E. H. Kimball*, for defendant in error.

*By the Court*, MARCY, J. This case in all its essential features resembles that of *Depuy* v. *Swart*, (3 Wendell, 135.) The negotiability of the note on which the suit is brought, was destroyed by the discharge of the maker under the insolvent act, and its subsequent transfer did not give to the person receiving it a right to maintain an action directly on it.

There is, however, another feature in this case which does not seem to have received as much notice as it appears to me to have deserved. The payee of the note was the only witness by whose testimony the action was sustained. He transferred the note after the statute of limitations had attached, and after the maker had been discharged. The

consideration for the transfer was the note of the plaintiff below to be given at a future day, and not in fact given when the suit between the present parties was commenced. Furthermore there was an agreement at the time of the transfer, that the payee should be the witness for the plaintiff below to prove the new promise. The transaction is suspicious, and the jury would have been warranted in believing that it was a contrivance to convert a party into a witness. I will not say that the understanding between the purchaser and payee of the note that the latter should be a witness to establish its validity, rendered him an incompetent witness after the release, or that it was sufficient entirely to overthrow his credit ; but the court below I think went too far in instructing the jury that it did not affect or impair his credit. It should have been presented as a fact having a strong tendency to impeach his credibility.

I have some doubt whether the promise proved in this case is available to the plaintiff below ; it was not made to him or to his agent. To do away the effect of a discharge under an insolvent law, there must be an express promise to pay, This promise need not be made directly to the plaintiff. If made to his agent it is good ; or if made to a third person it may be good, but in the latter case I think it should be a promise to pay the plaintiff. It is not in proof in this case that the promise was, that the defendant below would pay Viele, the plaintiff. Blood was the original holder of the note, and it does not appear that when Moore made the promise subsequent to his discharge, he conversed with Blood in any other character than as holder of the note. I consider that the promise to pay was made directly to him. I am not willing to say that a promise to pay Blood will sustain the action by Viele.

Judgment of common pleas reversed.