By the Court, Cowen, J.
No dispute exists on the original account. The question of fraud in procuring the compromise was properly submitted to the jury; and were this the only point, their finding would not be disturbed. The duty of a debtor who comes for a discharge on part pajunent, is clear. If he wilfully misrepresent or suppress any material fact in the statement of his affairs, the accord and satisfaction are void; and even a sealed release would be set aside in equity. The cases on this point are cited in Carter v. Connell, (1 Whart. 392,) and the rule well expressed by Sergeant, J. at p. 397.
But, fraud out of the way, there is no doubt the original debt was discharged by the compromise and payment of six shillings and eight pence on the pound. The note of H. Horton & Co. was received expressly in satisfaction.
The answer set up by the plaintiff was, that the defendant had subsequently promised to pay when he was able.
This is resisted: 1. On the ground that the special promise was neither declared on nor replied; and 2. That it was void, for want of consideration.
The only ground on which the plaintiff could make the promise available, was the moral obligation to pay a debt clearly extinguished; and the point of pleading was entirely settled by this court in Depuy v. Swart, (3 Wend. 135.) There, the defendant had been discharged under the two-third insolvent act. The plaintiff sued on a negotiable note given previous to the discharge, alleging also a new and absolute promise to the payee, who sold the note to the plaintiff. This court held that it was discharged; that the subsequent promise made a new contract on which the payee must declare specially or reply the new prom *536 ise. The same thing was repeated in Moore v. Viele, (4 Wend. 420,) and Wait v. Morris, (6 id. 394.) A fortiori, when the promise is conditional. Penn v. Bennet, (4 Camp. 205,) is also in point. The plaintiff declared for goods sold, &c.; defence, a certificate under the bankrupt act; answer, a new promise. Lord Ellenborough told the jury expressly, that if they thought the new promise was conditional, the plaintiff could not recover, because he had not declared specially. Wait v. Morris was the case of a conditional promise, after an insolvent discharge. The plaintiff replied a subsequent ratification of the promises declared on, but omitted to state the condition; nor indeed, perhaps, .was even an absolute promise replied in due form. This court held a replication at least, essential; and granted a new trial with leave to amend.
I need not stop to show, that an accord and satisfaction is a still stronger case for the defendant. It is a conventional discharge, the same as a release or actual payment of the whole.
In the case at bar the point was distinctly made, fiat evidence of the subsequent promise was inadmissible under the pleadings. And yet the charge was, that a promise to pay on becoming able, and actual ability, would entitle the plaintiff to a verdict. Nearly the same point had been previously made on the motion to nonsuit.
The abstract question, whether moral obligation be predicable of a debt discharged by accord and satisfaction, does not seem to have been raised very distinctly at the trial. The point on the motion for a nonsuit was, “ There is no evidence for which the defendant ought to be put upon his defence on the ground of a subsequent promise.” And again, after the close of the evidence—“ the conversation sworn to by Job Stafford, was not in law a valid or binding contract or promise.” Job Stafford appears to be' the only witness who spoke to the promise. A motion was also made in the course of the trial to strike out that part of his testimony. The particular ground, viz. that the debt had been discharged, was not mentioned; and the alleged *537 promise is now assailed for three reasons besides that, viz, 1. as varying the terms of the written compromise; 2. as being nudum pactum; 3. as not made either to the plaintiff or his agent. Strictly, all these grounds should have been mentioned at the trial. They would then have been distinctly seen, perhaps allowed, and the plaintiff’s counsel or the judge being made aware of the defects, farther evidence might have been given on that or on other branches of the case. All the four points now made, are, however, included in the general objection ; and, as I am of opinion that there must be a new trial on another ground, and the points were discussed on the argument, it may be useful to examine and dispose of them.
The first objection is obviously without any foundation in fact. The promise, so far from varying the terms of the written compromise, assumed its existence, and stipulated to pay the balance. The second—that the promise was nudum pactum—is nearly identical with the objection that no moral obligation remained. That it was made neither to the plaintiff nor his agent is, I think, a fatal objection. A mere casual expression of intention to pay, made to a stranger after a man has been discharged, as an insolvent for instance, would clearly be unavailable in favor of the creditor. (Moore v. Viele, 4 Wend. 420, 422.) In this case, it is said, if made to a third person it may be good. There is no doubt of that; for it may be intended that it should bé reported to the creditor; and he might, in such case, adopt the act of the stranger in receiving it, thus making him his agent. It is insisted that Job Stafford was clerk to the plaintiff, and in that sense his agent. But I cannot find proof that he was so when the promise was made, though there is evidence that he had been before, in 1825. Several years, however, had elapsed between that time and the period of the promise. His being -a son of the plaintiff was, it may be, a circumstance with the jury that the defendant intended his promise for the plaintiff, who, therefore- had a right- to adopt it. The promise was for his benefit; and he bringing his action upon it may, perhaps, by *538 this act, have connected himself with it. Should the objection be. made on the new trial, there is by no means an impossibility • that it may be answered. But the law has stood ever since Weeks v. Tybald, (Noy’s Rep. 11,) that the communication of an intent to pay, made to a mere stranger, and not connected with the plaintiff by any matter before or after, is void. (Vid. Cole v. Cottingham, 8 Carr. & Payne, 75.)
Whether after the debt was discharged by an accord and satisfaction, there remained any moral obligation to pay the balance, will perhaps form the decisive question, at least in one branch of the canse. I think there did not. The strongest case for the plaintiff is that of an insolvent discharge under the two-third act, on the petition of the plaintiff. There it is held, enough remains to sustain a new promise. (McNair v. Gilbert, 3 Wend. 344.) But this is a discharge by provision of positive law. Chitty says that “ in all the cases in which a moral obligation has been deemed a sufficient consideration for the defendant’s express promise, &c. nothing but" the provision of some, positive law had interposed to preclude a legal remedy, &c. until the defendant expressly promised.” (Chit, on Contr. 12, 13, Phil. ed. of 1834.) It is not necessary to go over the cases. Many are collected in a note to Edwards v. Davis, (16 John. Rep. 283, 4,) in support of the proposition thus limited; and it had been before the publication of 16 John, adopted in substance by Spencer, J., in Smith v. Ware, (13 John. Rep. 257, 259.) The propriety, indeed the necessity of such a limitation, is shown by Daggett, J. in Cook v. Bradley, (7 Conn. Rep. 57;) and he also contends, on a very full consideration of the cases down to 1828, that we are bound to it by legal authority. (Vid. also Mills v. Wyman, 3 Pick. 207, and Eastwood v. Kenyon, 3 Perry Dav. 276.)
In the case at bar, the plaintiff had accepted the .commercial paper of a third person, expressly in satisfaction; and there seems also to have been a general compromise with creditors, in which he participated. He himself had *539 virtually promised the defendant and the other creditors to consider the debt discharged. The moral obligation lies much on his side. I speak not of the alleged fraud in obtaining the receipt. If that exist, no doubt the defendant is liable; and had that alone been put to the jury, I could have felt no difficulty. There were circumstances of suspicion which called for explanation.. But looking at the form in which the case was put to the jury, they may have based themselves entirely on the promise and supposed moral obligation of the defendant. The case is the same in legal effect as if the debt had been released under seal, or paid in full. ,
When a debtor is voluntarily and fairly discharged by his creditors, it must be left to his option whether he will pay. Being an honest man and becoming able, payment would be a thing of course; but that is-a matter of mere imperfect obligation which the law can not act upon without going wide of its office, and, indeed, dismissing the rule which calls for a valuable consideration in any case. In one sense, a man is always under a moral obligation to fulfil a fair promise whether made on a.consideration or not; for instance, a promise of charity to a stranger. It would follow from the proposition in question as it is sometimes put, that, in the case supposed, a second promise might be sued upon, and the charity enforced-by execution.(a)
I am aware that the conclusion to which I have arrived is opposed by the decision in Willing v. Peters, (12 Serg. & Rawle, 177,) decided in 1824. That case was the same as the one before us. The court held the promise binding, and likenetj it to a promise by an insolvent discharged under the two-third act. That case, however, was questioned in the very court which decided it, and I think overturned, by the late case of Snevily v. Reed, (9 Watts, 396, 401, A. D. 1840.) The plaintiff had discharged the body of the *540 defendant from custody under a oa. sa., and he afterwards promised to pay the debt. Held, that no moral obligation remained, sufficient to sustain the promise.
My opinion is, that a new trial should be granted, the costs to abide the event.
New trial ordered.

 A merely moral or conscientious obligation, unconnected with any prior legal or equitable claim, will not support a promise. (Ehle v. Judson, 84 Wend, 97, 99 per Bronson, J.)