### HENRY WALBRIDGE *v.* ISAAC C. HARROON.

If the maker of a negotiable promissory note obtain a discharge in bankruptcy, and subsequently, upon an adequate consideration, promise to pay the debt, an action may be brought against him upon the original contract, and the creditor may avail himself of the new promise in answer to a plea of bankruptcy. But this new promise does not revive the original *negotiable* character of the instrument. It is a promise to the party alone, to whom it is made, and is not negotiable, or assignable, so as to permit a recovery thereon in the name of a third person.

In an action by the indorsee against the payee of a negotiable promissory note, if the defendant plead a discharge in bankruptcy, a replication of a new promise to the payee, prior to the indorsement, will be a departure from the declaration.

ASSUMPSIT upon a promissory note, executed by the defendant, and made payable to Joseph A. Wing, or order, and by Wing indorsed to the plaintiff. The defendant pleaded his discharge in bankruptcy, under the Act of Congress of August 19, 1841, in bar of the action; to which the plaintiff replied, that the defendant, subsequent to his being decreed a bankrupt, and previous to his obtaining his certificate of discharge as a bankrupt, and previous to the time when the note was indorsed by Wing to the plaintiff, and while Wing was the owner and holder of the note, promised to pay the note to Wing, according to its tenor. To this replication the defendant demurred.

The county court,—REDFIELD, J., presiding,—adjudged the replication insufficient, and rendered judgment for the defendant. Exceptions by plaintiff.

*J. A. Wing* for plaintiff.

Bankruptcy is a personal privilege, and no one can take advantage of it, except the bankrupt himself. He must, if a joint contractor, be sued with the other contractors. *Roberts* v. *McLean*, 16 Vt. 608. 1 Chit. Pl. 48, 52. Lawes' Pl. 703. *Allen* v. *Butler et al.*, 9 Vt. 122. The suit must be upon the original contract, and not on the new promise. 2 Stark. Ev. 210. *Williams* v. *Dyde et al.*, Peake 68. *Trueman* v. *Fenton*, Cowp. 544. *Gailer* v. *Grinnel*, 2

Aik. 349. 1 Chit. Pl. 61. *Birch* v. *Sharland,* 1 T. R. 715. And it makes no difference, whether the promise is before or after the discharge, if it is after the decree in bankruptcy. 1 Chit. Pl. 61. Cowp. 527, 544. 2 Stark. Ev. 211. *Roberts* v. *Morgan,* 2 Esp. 736.

The certificate of bankruptcy does not remove the debt, but, when waived by a new promise, the old debt is restored, the same as if the defendant had never availed himself of his discharge. When waived, it is the same as though it had never existed. It is the same as the statute of limitations, or the plea of infancy, with this exception,—the statute of limitations is waived by an unqualified admission that the debt is due; while to remove the bar, created by a discharge in bankruptcy, or by infancy, there must be an express promise to pay; but, when the bar is removed, the action must, according to all the authorities referred to, be brought on the original contract, and not on the new promise.

No case can be found, where it has been held, that a note lost its negotiability by reason of any decree in bankruptcy, or that the assignee, or indorsee, of a note signed by a bankrupt, or an infant, which had been revived after decree in bankruptcy, or after the defendant had arrived at full age, or after the statute of limitations had been removed by an admission of the debt, could not maintain an action in his own name on the note thus revived, the same as if there had never been any defence to the note. The case of *Trueman* v. *Fenton,* Cowp. 544, was in the name of the indorsee,—but no question was made in reference to the negotiability of the note.

*L. B. Peck* for defendants.

The decree of bankruptcy and discharge rendered the note *functus officio.* The discharge of the defendant discharged the debt for which the note was given. The plaintiff, then, took nothing by the assignment, but an equitable interest in the debt; in other words, he cannot sustain an action in his own name as indorsee, as the note has no legal existence. *Baker* v. *Wheaton,* 5 Mass. 509. The debt, though discharged, is a sufficient consideration to support an express promise to pay it. A bare acknowledgment of the debt, as in the case of a debt barred by the statute of limitations, will not avoid the discharge. In this all the authorities agree. *Lynbury* v. *Wrightman,* 5 Esp. 198.

If the action had been brought in the name of the payee, he might have recovered, on proving an express promise to pay the note. So, if the promise had been made to the plaintiff after the note was assigned, he might recover on a declaration properly framed. The difficulty in this case is, that he seeks to recover upon a promise made to the payee before the transfer. This is not within the issue and is a departure. *Depuy* v. *Smart,* 3 Wend. 135. *Moore* v. *Viele,* 4 Ib. 420. *Dean* v. *Crane,* 1 Salk. 28. *Sarrell* v. *Wine,* 3 East 409. 2 Saund. 37 *f,* note.

The opinion of the court was delivered by

WILLIAMS, Ch. J. This action is brought by the indorsee against the maker of a promissory note. The defendant pleads a certificate of discharge in bankruptcy. The plaintiff has replied a new promise to Wing, the payee, made after the decree in bankruptcy and before the note was indorsed to the plaintiff. To this replication there is a demurrer, and joinder in demurrer. The question is, whether this note is still to be considered as negotiable, and, as such, capable of being transferred to the plaintiff, together with the benefit of the promise made to Wing.

It seems to be settled by authorities, that, when a debt is discharged by a certificate of bankruptcy, if the debtor, on an adequate consideration, promise to pay the same, an action may be brought on the original contract, and the creditor may avail himself of such new promise in answer to a plea of bankruptcy. In this particular it is assimilated to a promise to pay a debt barred by the statute of limitations. The cases, however, are widely different. In bankruptcy a debt is discharged by the operation of the certificate. A recovery can only be had on the new promise, founded on sufficient consideration. A debt, on which the statute of limitations has run, is not discharged; the remedy, only, is taken away, and the remedy may be restored by a promise, or acknowledgment, made without any consideration therefor. The debt and the remedy remain, in the latter case, as they were originally. In bankruptcy the debt is discharged, and the new promise alone gives the action. This new promise does not revive the original negotiable character of the instrument; it is a promise to the party alone, to whom it is made, and is not negotiable, or assignable, so as to permit a recovery there-

on in the name of a third person. The replication, therefore, of a promise to Wing could not aid the plaintiff in this case, and was a departure from the declaration.

The cases of *Baker* v. *Wheaton,* 5 Mass. 509, *Depuy* v. *Smart,* 3 Wend. 135, and *Moore* v. *Viele,* 4 Wend. 420, are very clear on this point,—that a note, discharged by a certificate of discharge in bankruptcy, or insolvency, is *functus officio,* ceases to be negotiable, and that no action can be sustained thereon by any other person, than the one to whom the promise was made. The principle of those cases we recognize and are disposed to adopt, in as much as no case is produced, which recognizes a different principle.

The judgment of the county court is therefore affirmed.