LORIN WAY *vs.* CHARLES SPERRY.

An action, on a promissory note executed in another state by a citizen thereof who afterwards removes into this state, brought within six years after such removal, is not barred by the statute of limitations.

Way v. Sperry.

A distinct and unequivocal promise by the maker of a promissory note, which is barred by a discharge in bankruptcy, to pay the same to the payee, is a promise to pay him or his order, or bearer, according to the tenor of the note, and binding on the promisor, although not founded on any new consideration, nor ex pressed in writing.

This was an action of assumpsit, commenced on the 12th of July, 1848, to recover the amount of three promissory notes, signed by the defendant, and indorsed by the several payees thereof to the plaintiff on the day of the commencement of the action. These notes were described in the plaintiff's bill of particulars, as follows : — " One dated February 23d, 1836, for $18, payable to Ebenezer Watson, or order, in one year, with interest ; one dated March 2d, 1838, for $7.36, payable to Ebenezer Watson and one Flanders, or order, on demand, with interest; and one dated March 14th, 1839, for $18.30, payable to Ebenezer Watson, or order, on demand, with interest."

The defendant pleaded the general. issue, and in defence relied on the statute of limitations, and a discharge in bankruptcy, dated January 9th, 1843, which was duly proved, and by its terms embraced the note in question.

At the trial in the court of common pleas, before *Mellen*, J., it was in evidence, that the defendant, in May, 1843, left Columbia, in the state of New Hampshire, where the notes were dated, and became an inhabitant of Lowell.

It was also testified by Watson, the payee of the notes, that the defendant, in the year 1845, being then at Claremont, in New Hampshire, said he would pay Watson the notes as soon as he possibly could ; that he was not then in a situation to pay them, but that Watson need not give himself any uneasiness, the notes should be paid as soon as possible; that in Janury, 1846, he again saw the defendant in Lowell, who said, that he was then engaged upon a job of stone-work, and should have the money in April, and that if Watson would come or send down then, he would pay one half of the notes; but the defendant declined taking up the notes and giving a new one for them.

There was also evidence, that the defendant was of ability to pay the notes, but no evidence of any new consideration for his promises to pay them.

The defendant, upon this evidence, contended, that the first described note was barred by the statute of limitations; that no action could be maintained on the notes, or on the defendant's new promises, without showing a consideration for the latter; that the promise of the defendant to pay the notes, made subsequently to his discharge in bankruptcy, if available at all, could only support an action in favor of the promisee, and did not revive the negotiable quality of the notes, so as to entitle a subsequent indorsee to maintain an action, either upon the notes or upon the new promise.

But the presiding judge was of opinion, that the action could be maintained upon the evidence, and directed the jury accordingly, who returned a verdict for the plaintiff, whereupon the defendant excepted.

*T. Wentworth*, for the defendant.

*J. G. Abbott*, for the plaintiff.

The opinion of the court was delivered at the October term, 1851.

METCALF, J. The case of *Bulger* v. *Roche*, 11 Pick. 36, is a decisive answer to the defence set up by the defendant, under the statute of limitations, against the first note specified in the plaintiff's bill of particulars; and the only other point to be decided is, whether the defendant's discharge in bankruptcy is a defence to that and the two other notes in suit.

The plaintiff relies on a promise made to the payee of the notes, by the defendant, since his discharge. And it is well settled, that a distinct and unequivocal promise to pay a debt so discharged, or a promise to pay it on a condition which is afterwards fulfilled, is binding on the promisor, and may be enforced by action. Upon these exceptions, it must be taken that a binding promise by the defendant was proved at the trial. No new consideration was necessary to the validity of the promise; Chit. Con. (5th Amer. ed.) 190; *Penn* v. *Bennet*, 4 Campb. 205; and no statute requires it to be in writing.

But the defendant contends that if he is bound at all by his promise, he is bound only to the payee of the notes, to whom he made it, and that it did not revive or restore the negotiability of the notes. And his counsel cited *Depuy* v. *Swart*,

3 Wend. 135; *Moore* v. *Viele*, 4 Wend. 420, and *Walbridge* v. *Harroon*, 18 Verm. 448, where it was so decided. Since the argument, a similar decision of the court of Maine has been published. *White* v. *Cushing*, 17 Shepley, 267. The grounds of these decisions, as stated in the report of the first of them, were, that " the new promise is the contract upon which the action must rest;" that " the new promise does not renew the old contract, and renovate the note given on that contract;" that " the existence of the note is destroyed by the discharge, and cannot be revived and restored to all its former properties by the maker's entering into a new contract, by which he becomes liable to pay what was due on the old contract;" and that " the defendant's liability, therefore, is on the new contract, and that the suit should be in the name of him with whom such contract is made."

We are not satisfied with these grounds of decision. For we take it to be well established that, in actions brought on promises made by infants, and ratified after they come of age; on promises which have been renewed after the statute of limitations has furnished a bar; and on unconditional promises by discharged insolvent debtors and bankrupts, to pay debts from which they have been discharged; the plaintiff may declare on the original promise; and that when infancy, the statute of limitations, or a discharge in insolvency or bankruptcy, is pleaded or given in evidence, as a defence, the new promise may be replied or given in evidence, in support of the promise declared on; that a replication, alleging such new promise, is not a departure, and that evidence thereof is not irrelevant. And we do not hold that a note, promise, or debt, is " destroyed" by a discharge in bankruptcy. If it were, it not only could not be renewed or revived, but it could not be a consideration for a new promise. Yet nothing is clearer, on authority, than that the old debt is a sufficient consideration for such promise. In all the cases above mentioned, the new promise operates as a waiver, by the promisor, of a defence with which the law has furnished him against an action on the old promise or demand. *Maxim* v. *Morse*, 8 Mass. 127 *Foster* v. *Valentine*, 1 Met. 522, 523.

We cannot perceive any legal difference, as to the point now in question, between the case of a debt that has been discharged by a process in bankruptcy, and a claim voidable on the ground of infancy, or barred by the statute of limitations. In the latter case, it has been decided that a new promise removes the statute bar, but does not create a new and substantive cause of action which is the basis of a judgment; and that the judgment must be considered as rendered on the old contract. *Ilsley* v. *Jewett*, 3 Met. 439. And where an infant gave a negotiable note, which he ratified by a new promise after he was of age, it was decided that he was liable on it to an indorsee to whom the payee negotiated it after the ratification. The court said the ratification gave the contract " the same effect as if the promisor had been of legal capacity to make the note when he made it. This made it a good negotiable note from that time, according to its tenor; of course, when transferred to the plaintiff, he took it as a negotiable note, and may maintain an action on it." *Reed* v. *Batchelder*, 1 Met. 559. And the indorsement of a note, after a new promise to the payee has taken it out of the statute of limitations, enables the indorsee to sue the maker. *Little* v. *Blunt*, 9 Pick. 488, and 16 Pick. 359. The same rule is applicable to the case at bar. A new promise made to the payee of a negotiable note is a promise to pay him or order, or bearer, according to its tenor. *Exceptions overruled.*