By the Court—Hoffman, J.
Two of the propositions of the learned counsel of the defendants, in the elaborate points submitted, may be conceded to be law. One, that the consideration on which the draft was given could be inquired into between these parties, and that a plea of no consideration made out could be a defense. The other is, that the giving of the draft in question did not extinguish Lumley’s demand upon Tillman.
The case of Crofts v. Beale, (5 Eng. L. & Eq. R., 408,) is strong upon the first point, and applicable in its facts to the present case. Pratt v. Foote, (5 Seld., 463,) and Noel v. Murray, (3 Kern., 167,) may be referred to for the second proposition. “ The substitution of one executory agreement to pay for another, is no satisfaction of the debt, unless there is an express agreement to accept the new obligation as a satisfaction of the old.”
But a distinction exists on the facts of the present case, growing out of the law of mercantile paper, which is sufficient to sustain the action. It is well established law in this Court, that a note made for the accommodation of a payee, and by him passed to another as security for a preexisting debt, may be recovered upon. (De Zeng v. Fyfe, 1 Bosw. R., 335, and cases cited.) In that of The Bank of Rutland v. Buck, (5 Wend., 66,) the surety to a note given for the accommodation of the principal, was held liable when passed away as collateral security for payment of a judgment.
Thus, in the present case, the defendant has given this draft for the accommodation and benefit of Tillman, and it has gone *518 to the plaintiff as security for Ullman’s debt, and he is liable upon it. But this leads to another question.
The debt was not owing to the plaintiff, but to Lumley, and it is objected that Fish is not the proper party to bring the action.
The promise is made to him by his own name, without further designation or qualification. It purports to be a contract with him personally. It is in every just sense made with him, and he may sue thereon. (Considerant v. Brisbane, 2 Bosw., 471.)
We think the judgment-must be affirmed, with costs.1