# N. Y. COMMON PLEAS.

AUGUST STERN *et al.* agt. PHILIP NUSSBAUM.

*Discharge in bankruptcy — subsequent promise to pay a debt.*

A discharge in bankruptcy, under the act of congress of 1867, is a good defense to all liabilities incurred by the defendant prior to the filing of his petition in bankruptcy.

A creditor, whose rights are affected by such discharge, must resort to the remedy provided by the thirty-fourth section of said act.

A new promise to revive a debt should be distinct, unambiguous and certain. A declaration which is intended only as an acknowledgment by the debtor of his subsequent indebtedness to the plaintiffs, incurred after the filing of his petition in bankruptcy, is not sufficient to revive any part of the indebtedness covered by the discharge.

*General Term, June,* 1874.

APPEAL from a judgment rendered at special term.

*A. J. Perry,* for appellant.

*Jacob A. Gross,* for respondent.

LARREMORE, *J.*—The plaintiffs sued to recover a balance of account, $240.13, for goods sold during 1865 and 1868.

The defendant filed his petition for a discharge in bankruptcy April 15, 1868, in pursuance of the act of congress passed March 2, 1867, and his application was finally granted September 16, 1868. The plaintiffs do not appear as creditors in said proceedings, and had no notice thereof.

The discharge in bankruptcy was a good defense to all liabilities incurred by defendant prior to April 15, 1868. Such

Stern agt. Nussbaum.

a discharge cannot be impeached in a collateral proceeding; but a creditor, whose rights are affected thereby, must resort to the remedy provided by the thirty-fourth section of said act (*Ocean Nat. Bank* agt. *Olcott*, 46 *N. Y.*, 12). Nor was any subsequent promise to pay the debt so discharged legally established. The only evidence upon this point is found at folio 45 of the case, where one of the plaintiffs testified as follows: "I once asked him (defendant) for money, and he told me he had been discharged in bankruptcy and would give me some money as soon as he got through with that squaring up. I don't know what that referred to."

A new promise to revive such a debt should be distinct, unambiguous and certain. It surely cannot be urged that the testimony in the case meets the requirements of the law in this respect. The most that can be said of it is that defendant's declaration was intended as an acknowledgment of his subsequent indebtedness to the plaintiffs, incurred in September and November, 1868, and after the filing of his petition in bankruptcy.

To the amount of such subsequent indebtedness and interest, $53.57, the judgment herein should be reduced and affirmed for that amount.

Robinson, J., concurs.