Bradley, J.
The ground upon which the non-suit was directed by the court, does not distinctly appear by the record.
Several were specified by the defendant’s counsel in the motion for it, amongst which were those that the note was without consideration; that the plaintiff was not the real party in interest; that the testator had been discharged in bankruptcy, and the promise made by the note was not effectual to support the action. If the note may be treated as a gift by the defendants’ testator to the plaintiff, it is void, because a meritorious consideration merely will not support an executory promise. Whitaker v. Whitaker, 52 N. Y., 368. The evidence tends to prove that the testator, some years before the note was made, became indebted to his brother, Martin H. Kennedy, the father of the plaintiff, and that this note was made to her on account of such debt. *787 This fact, however, would not aid the plaintiff unless it appeared that it was given to her pursuant to some understanding to that effect with the creditor. And upon that subject a witness present when the note was made and delivered, testified that the defendants’ testator at the time said to the plaintiff " I give you this at your father’s request to show my indebtedness to him. I have not the money now and can’t pay it, but will pay you;” that he said it was his brother’s request that he should make the note to the plaintiff. And another witness testified that in a conversation with the defendants’ testator the latter said that he had so given the plaintiff this paper to secure her this debt he owed her father; that there had been an agreement between them to that effect; that he told how the debt arose, and said they had had a settlement, and the amount of the note was due his brother. This evidence permitted the conclusion that the note was made to the plaintiff pursuant to an arrangement between the testator and the plaintiff’s father, and by request of the latter on account of an unpaid debt which he had owed him for some time. And these facts, if found by the jury, would establish the fact that the note had for its support a valuable consideration And inasmuch as the plaintiff was named as the payee in it, she might maintain an action upon it in her name, whatever view might be taken of the question whether or not she was beneficially interested in the proceeds of the note as between her and her father, because, being such party to the instrument, she would be deemed a trustee of an express trust if it was in fact made to her for the benefit of her father by bis consent or request. Code Civ. Pro., § 449; Considerant v. Brisbane, 22 N. Y., 389; Pitney v. Glens Falls Ins. Co., 65 id., 6; Fish v. Jacobsohn, 5 Bosw., 514: Ludwig v. Gillespie, 19 J. & S., 310.
If the promise of the testator had been oral, to pay the plaintiff the amount he owed his brother, even at the request of the latter, the cases cited by the defendants’ counsel would have been applicable. And the action would not be supported upon the facts as they in other respects appear in the case. Fairchild v. Feltman, 32 Hun, 398. The defendants’ testator was discharged in bankruptcy in 1879.
The debt due from him to his brother existed before that time, and by force of such discharge he was relieved from liability to pay it. The bar to recovery may in such case be removed and liability restored or given by a new promise. Dusenbury v. Hoyt, 53 N. Y., 521; Graham v. O’Hern, 24 Hern, 221.
It is contended on the part of the defense that the promise to the plaintiff was not effectual. This objection would be good if the plaintiff could be treated as a stranger, because *788 the requisite promise must be made to the creditor or to a person receiving it in his behalf or in some manner representing him. Moore v. Viele, 4 Wend., 420; Bloodgood v. Bruen, 8 N. Y., 362; Wakeman v. Sherman, 9 id., 85; Winterton v. Winterton, 7 Hun, 230.
If the jury should find the note was made to the plaintiff at the request of the creditor or pursuant to an arrangement to that effect between him and the testator on account of a debt the latter owed him, the conclusion would follow that the promise in the note to pay its amount was sufficient for the purpose of recovery. The plaintiff would not then be a stranger in her relation to the creditor or to the subject matter, but would be the person designated by him, with the assent of the debtor, to take the promise, either beneficially or in behalf of the creditor in the manner it was made.
The remaining question has relation to the fact that the note was not produced at the trial, and to the necessity of furnishing to the plaintiff, indemnity against claim by any other person upon the note as provided by statute. Code Civ. Pro., § 1917. This is not required if the note was accidentally destroyed. Scott v. Meeker, 20 Hun. 161; Des Arts v. Leggett, 16 N. Y., 582.
The evidence tends to prove that this note while in the possession of the plaintiff was destroyed by fire, by which the house and trunk in which it was kept were destroyed.
This evidence was given by the husband of the plaintiff, and while it may not have been entirely conclusive upon the subject, was sufficient to justify that conclusion. The plaintiff, it seems, failed to testify to the fact of the destruction of the note by the fire, or to facts tending to prove such destruction, because the question put to her embraced so much and was in such form that objection to it as leading was sustained, and no further questions were asked her on that subject. The nonsuit is not supported on the ground of failure to give such indemnity.
We think the court erred in withdrawing the case from the jury and directing a nonsuit. The motion for a new trial should be granted; costs to abide the event.
Smith, P. J., Barker and Haight, JJ., concur.