(72 Misc. Rep. 362.)

### GERMAN EXCHANGE BANK v. SCHNITZER.

(Supreme Court, Appellate Term.   June 29, 1911.)

1. EVIDENCE (§§ 432, 444*)—PAROL—TESTIMONY AFFECTING NOTES—ADMISSIBILITY.

    Oral evidence is admissible to show lack of consideration for notes sued on, or that they were delivered on condition that they should not become valid, except on a certain contingency, but not to vary the obligation of an instrument complete on its face.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1981–1989, 1929–1944; Dec. Dig. §§ 432, 444.*]

2. EVIDENCE (§ 444*)—TESTIMONY AFFECTING NOTES—ADMISSIBILITY.

    One suing on notes cannot vary them by oral evidence showing that they were given after his discharge in bankruptcy, in which an indebtedness to plaintiff of a greater amount had been discharged, and that at delivery of the notes they were given on condition that they should never be sued upon if the defendant should not be able to pay them, though defendant agreed to pay interest thereon.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944; Dec. Dig. § 444.*]

3. BANKRUPTCY (§ 434*)—DISCHARGE—SUBSEQEUNT PROMISE TO PAY.

    Since a discharge in bankruptcy does not satisfy a debt, the bankrupt's subsequent promise to pay is valid, being based upon a continuing moral obligation.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 853–866; Dec. Dig. § 434.*]

Appeal from City Court of New York, Trial Term.

Action by the German Exchange Bank against Marcus Schnitzer. From a judgment of the City Court of the City of New York (130

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

N. Y. Supp. 113), dismissing the complaint, and directing verdict for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Steiner & Petersen (Henry A. Petersen and Joseph H. Kohan, of counsel), for appellant.

J. Fred Alsgood (A. H. Montegriffo, Jr., of counsel), for respondent.

BIJUR, J. Plaintiff sues on two promissory notes. Over the objection that it was oral evidence tending to vary a written contract, defendant testified that these notes were given after his discharge in bankruptcy, in which an indebtedness to the plaintiff of a greater amount had been discharged, and that at the time of the delivery of these notes they were given upon the express condition that they should never be sued upon if defendant should not be able to pay them, though defendant agreed to pay interest thereon.

[1] While oral evidence to show a lack of consideration, or that notes were delivered on condition that they were not to become valid except in a certain contingency, is admissible, oral evidence is not admissible to vary the obligation of an instrument, complete on its face and purporting to be an obligation.

[2] The agreement testified to constitutes a condition subsequent, and not a condition precedent, and therefore is not admissible, if not in writing. Jamestown Business College v. Allen, 172 N. Y. 291 at page 296, 64 N. E. 952, 92 Am. St. Rep. 740; Ryan v. Sullivan, 128 N. Y. Supp. 632, at page 635.

[3] As the discharge in bankruptcy did not satisfy the debt, the subsequent promise to pay is valid, being based upon the continuing moral obligation to pay. Dusenbury v. Hoyt, 53 N. Y. 522, 13 Am. Rep. 543.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.