### STERN v. GERBER.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

BANKRUPTCY (§ 436*)—PROMISE TO PAY FROM FUTURE EARNINGS—SUFFICIENCY OF EVIDENCE.

    In an action on a debtor's conditional promise, made pending bankruptcy proceedings, to pay plaintiff's debt out of his future earnings after securing his discharge, proof of parol declarations that defendant was in business, doing the best he could, and expected to get another store, and was doing well, was insufficient to sustain a finding that he had earned enough money to pay, or was able to pay, plaintiff.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 840–842, 865; Dec. Dig. § 436.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Harry Stern against Benjamin Gerber. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued October term, 1912, before SEABURY, GUY, and BI-JUR, JJ.

Jacob S. Freedman, of New York City, for appellant.
Louis Exstein, of New York City, for respondent.

GUY, J. This action was brought to recover for services rendered, of the alleged value of $99.77, on account of which plaintiff was paid $6.81 by defendant's receiver in bankruptcy. The complaint alleges that, prior to his discharge in bankruptcy, defendant agreed in writing to pay plaintiff the entire amount due as soon as he should procure his discharge in bankruptcy. The defense was a general denial; also a release.

During the bankruptcy proceedings, defendant wrote plaintiff letters promising to pay off the balance due "gradually out of my earnings," "when I resume earning money." Plaintiff filed his claim in bankruptcy and received his dividend on account of it. Defendant was thereafter discharged in bankruptcy.

Assuming that conditional promises, pending bankruptcy proceedings, to pay out of future earnings after the discharge, or when the bankrupt is able to pay, are enforceable upon proof that defendant has earned the money, or that he is able to pay, no such proof was furnished. Stern v. Nussbaum, 5 Daly, 382, 383; Lawrence v. Harrington, 122 N. Y. 408, 414, 25 N. E. 406; Kiernan v. Fox, 43 App. Div. 58, 60, 59 N. Y. Supp. 330; Gruenberg v. Treanor, 40 Misc. Rep. 232, 81 N. Y. Supp. 675; German Exchange Bank v. Schnitzer, 72 Misc. Rep. 362, 130 N. Y. Supp. 223.

Proof of parol declarations that defendant was in business, said he was doing the best he could, expected to get another store, and was doing well, is not sufficient proof that he had earned enough to pay, or was able to pay, plaintiff.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.